T.L.I., INC., Plaintiff,

v.

GENERAL TEAMSTERS LOCAL UNION NO. 261, a/w International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, Defendant.

Civ. A. No. 80–1745.

United States District Court,
W. D. Pennsylvania.

June 2, 1981.

Henry J. Wallace, Pittsburgh, Pa., for plaintiff.

Samuel M. Pasquarelli, Pittsburgh, Pa., for defendant.

### MEMORANDUM OPINION

DIAMOND, District Judge.

Plaintiff (TLI) brought this action under the Labor-Management Relations Act of 1947, as amended, 29 U.S.C. § 185, to enjoin defendant (Local 261) from engaging in a threatened strike and to compel it to adhere to the grievance-arbitration machinery of a collective bargaining agreement between the parties which became effective on November 25, 1978. The underlying dispute concerns the wage scale due to members of Local 261 on the second anniversary of that contract. Presently before the Court are

cross motions for summary judgment. Plaintiff's motion will be granted, the defendant's denied.

This case is related to one filed at Civil Action 80–1509, which also was brought by TLI against Local 261 under the LMRA. There, arbitrator William J. Hannan construed Article 32, Section I, Notes 1 and 3 of the November, 1978, agreement and made an award on September 3, 1980, requiring TLI to factor a cost-of-living adjustment (COLA) into the wage rates to be paid members of Local 261 on the first anniversary date of the contract. Plaintiff brought Civil Action 80–1509 to vacate the award, but on April 15, 1981, we filed an opinion and entered an order affirming it. 512 F.Supp. 261.[1]

Although plaintiff had challenged the arbitrator's award by instituting the suit at Civil Action 80–1509, it did comply with his ruling by factoring the COLA into the wages paid its employees effective November 24, 1979, the first anniversary of the agreement. The relevant portions of Article 32, Section I, applicable to the wage rates which were to become effective on the first anniversary date were Notes 1 and 3. And although the operable language of Notes 2 and 4 of that Section and Article, which Notes pertain to the wage rates effective on the second anniversary date, is identical to that of Notes 1 and 3 so far as it is relevant to the applicability of COLA, nevertheless, when the second anniversary date arrived, plaintiff again refused to factor in the COLA.

As a result of this refusal, the defendant threatened a strike on the grounds that the collective bargaining agreement permitted a party to resort to economic recourse where the other party failed to abide by an arbitrator's award. Plaintiff responded by instituting this suit to enjoin the threatened strike and to compel the defendant to submit to the grievance-arbitration machinery of the collective bargaining agreement on the issue of the applicable wages to be paid plaintiff's employees on the second anniversary date of the contract.

1. The background and discussion appearing in that opinion are incorporated herein by refer-

It would serve no useful purpose to set forth in detail the respective positions of the parties. Reduced to its simplest form, the controversy boils down to this: The defendant contends that the question of the applicability of COLA on the anniversary dates of the current collective bargaining agreement between the parties has already been decided by an arbitrator in the defendant's favor, the plaintiff is bound thereby, the present dispute having been resolved once is not subject to arbitration under the collective bargaining agreement, and defendant is free to strike. The plaintiff argues that the September 3, 1980, award of Arbitrator Hannan pertained solely to the question of the applicability of COLA on the *first* anniversary date of the contract, the present dispute concerns the applicability of COLA on the *second* anniversary, this question has never been arbitrated, and, since it presents a new controversy which is clearly subject to arbitration under the collective bargaining agreement, the defendant must submit to arbitration and is not free to strike.

■ It is the function of the court and not an arbitrator to determine whether a particular controversy falls *within the class* of disputes which the parties agreed to submit to arbitration under a collective bargaining agreement. *Atkinson v. Sinclair Refining Co.*, 370 U.S. 238, 82 S.Ct. 1318, 8 L.Ed.2d 462 (1962); *John Wiley & Sons v. Livingston*, 376 U.S. 543, 84 S.Ct. 909, 11 L.Ed.2d 898 (1964); *Westinghouse Broadcasting v. Local 804, Intern. Alliance*, 616 F.2d 97 (3rd Cir. 1980); *Local 103 of Int. U. of Elec., R. & M. Wkrs. v. RCA Corp.*, 516 F.2d 1336 (3rd Cir. 1975); *Local 616, Int. U. of E., R. & M. Wkrs. v. Byrd Plastics, Inc.*, 428 F.2d 23 (3rd Cir. 1970).

And there is no dispute here that but for the September 3, 1980, Hannan award the present controversy would be subject to arbitration under the November, 1978 Agreement. However, Article 6(5) of the contract provides in part as follows:

ence, since they are relevant to the instant suit also.

"The decision of the arbitrator shall be final and binding on the parties and employees involved. In the event that the losing party fails to abide by the arbitrator's decision, or that either party refuses to submit to his jurisdiction, the other party shall have the right to immediately take all legal or economic recourse."[2]

It follows, therefore, that if the question or issue presented in the current grievance was the subject of the Hannan award, defendant need not re-arbitrate and may strike if plaintiff fails to abide by that decision. But who is to decide whether identity of issues exists, the court or the arbitrator?

We think the law in this circuit is clear. In the *Local 103* case, *supra*, when confronted with the same dilemma, the district court took the initiative and resolved the question of whether the issue presented in an earlier grievance was identical to that before him, found that it was not, and ordered arbitration. The circuit affirmed, but at p. 1339 stated:

> Although we affirm the judgment of the district court, we do so for a different reason: It is the function of the arbitrator, not the court, to decide whether the "same question or issue" had been the subject of arbitration within the meaning of the collective bargaining agreement.

> The union would have a federal court interpret the collective bargaining agreement and, rule as a matter of federal law, that the question or issue presented in the current grievance was the subject of arbitration in 1946, we decline to allocate this interpretive role to the district courts. (footnote omitted).

The *Local 103* ruling was reaffirmed by the Circuit in *Westinghouse Broadcasting, supra.*

 As we read *Local 103, Westinghouse Broadcasting,* and the other authorities cited earlier herein, regardless of how clear it may be that the issues decided at a former arbitration proceeding are identical to those subsequently sought to be relitigated, the question of identity of issues, nevertheless, is for the arbitrator and not the court.

As to the natural complaint by the successful party in the first arbitration proceeding that this ruling leaves the door open for relitigation of prior arbitrator decisions *ad infinitum*, we can only repeat that which the court in *Local 103, supra*, at 1341, stated: "open to the union, before the arbitrator, is the same contention it has presented to the courts, i. e., that the 'same question or issue' was previously 'the subject of arbitration.' So viewed, finality, consistent with the provisions of the agreement, will be preserved."

The plaintiff's motion for summary judgment will be granted.

---

2. Article 6, § 5 of the November 25, 1978, Agreement, Exhibit "A" to plaintiff's complaint.