581 F.Supp. 1155 (1984)
AUTOMOTIVE, PETROLEUM AND ALLIED INDUSTRIES EMPLOYEES UNION, LOCAL 618, etc., Plaintiff,
v.
GELCO CORPORATION, Defendant,
and
Kenneth Muehlrath, Intervenor-Defendant.
No. 83-899C(1).
United States District Court, E.D. Missouri, E.D.
March 5, 1984.
*1156 Fred A. Ricks, Jr., St. Louis, Mo., for plaintiff.
Michael J. Bobroff, Louis N. Laderman, Gerald Tockman, Sara J. Herrin, St. Louis, Mo., for defendant.

MEMORANDUM
NANGLE, Chief Judge.
This case is now before this Court on several motions of the parties. These include: 1) plaintiff's motion for summary judgment; 2) defendant Gelco's cross-motion for summary judgment; and 3) defendant-intervenor Muehlrath's cross-motion for summary judgment.
Plaintiff sues under § 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 185, to compel Gelco to arbitrate a grievance filed by Timothy Brown pursuant to the contractual grievance procedure. Mr. Brown bid on a "partsman" job and was denied the position. The position was awarded to intervenor-defendant Kenneth Muehlrath. Mr. Muehlrath has held the position of partsman for the past few years. Mr. Brown contends that he should have the position because he is qualified for the job and has more seniority than Mr. Muehlrath. The parties stipulated that Mr. Brown's "grievance arises out of and concerns Article I(7)(C) of the 1982-1985 collective bargaining agreement under the heading of `Seniority'." Joint Stipulation of Fact at ¶ 12. Article V(14), Fourth of the 1982-1985 collective bargaining agreement provides that, if a dispute is not settled by labor-management negotiations through the third step, "either party to this Agreement may refer the grievance to arbitration ...." The term "grievance" is defined by the contract as "a dispute or difference involving the application or interpretation *1157 of any provision of the Agreement." Plaintiff sues to compel Gelco to arbitrate Mr. Brown's grievance. Mr. Muehlrath intervened as a defendant, contending that plaintiff breached its duty of fair representation, owed to Muehlrath, by deciding to arbitrate Mr. Brown's grievance, in that plaintiff acted in a discriminatory and arbitrary manner towards Muehlrath.
Plaintiff moves for summary judgment on the grounds that there is no genuine issue of material fact and that the grievance which plaintiff seeks to arbitrate is one which on its face is governed by the collective bargaining agreement. Gelco moves for summary judgment in its favor on plaintiff's complaint on the grounds that a prior final and binding resolution of a grievance by Mr. Brown collaterally estops him from arbitrating his present grievance and that plaintiff is breaching its duty to fairly represent Muehlrath by seeking to arbitrate Mr. Brown's grievance. Finally, Muehlrath moves for summary judgment on plaintiff's complaint for the same reasons asserted by Gelco.
Under Rule 56 of the Federal Rules of Civil Procedure, a movant is entitled to summary judgment if he can "show that there is no genuine issue as to any material fact and that [he] is entitled to a judgment as a matter of law." Fed.R. Civ.P. 56(c). See also Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962). In passing on a motion for summary judgment, a court is required to view the facts and inferences that may be derived therefrom in the light most favorable to the non-moving party. Buller v. Buechler, 706 F.2d 844, 846 (8th Cir.1983); Vette Co. v. Aetna Casualty and Surety Co., 612 F.2d 1076, 1077 (8th Cir.1980). The burden of proof is on the moving party and a court should not grant a summary judgment motion unless it is convinced that there is no evidence to sustain a recovery under any circumstances. Buller, 706 F.2d at 846. However, under Rule 56(e), a party opposing a motion for summary judgment may not rest upon the allegations of his pleadings but "must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). See also 10A Wright, Miller and Kane, Federal Practice and Procedure: Civil 2d, § 2739 (1983).
But for the contentions of defendants, plaintiff's motion presents an easy question. Defendants do not contend that Gelco is not bound to arbitrate the substantive merits of Mr. Brown's grievance. The stipulation that his grievance "arises out of and concerns" a contractual provision, makes it indisputable that the grievance is covered by the arbitration clause. United Steelworkers of America v. Warrior and Gulf Navigation Company, 363 U.S. 574, 582, 80 S.Ct. 1347, 1352, 4 L.Ed.2d 1409 (1960). Plaintiff's claim is one which on its face is governed by the contract. United Steelworkers of America v. American Manufacturing Co., 363 U.S. 564, 567-68, 80 S.Ct. 1343, 1346, 4 L.Ed.2d 1403 (1960). Therefore, it would appear that plaintiff is entitled to an order compelling Gelco to abide by its agreement to arbitrate this dispute.
Gelco and Muehlrath, however, contend that the resolution of a prior grievance of Mr. Brown collaterally estops him from bringing the present action to compel arbitration of his present grievance. The prior grievance was brought by Mr. Brown in 1980. It is not disputed that in the prior grievance, Mr. Brown alleged that he should have the partsman job held by Mr. Muehlrath because he had more seniority than Mr. Muehlrath. That grievance arose out of and concerned Article I(7)(d) of the contract then in effect, but that provision is identical in all relevant respects to the contractual provision in question in the present grievance. The prior dispute was processed by the union through the Joint Grievance Committee, which denied the grievance on or about August 29, 1980. Joint Stipulation of Fact at ¶ 14. The contract then in effect provided that such a decision "shall be final and binding on both parties." Article V(12), Second Step. The union did not seek arbitration. Defendants contend that this prior final and binding *1158 decision must be given res judicata and collateral estoppel effect in the present case so as to bar plaintiff's attempt to redetermine the same grievance.
Plaintiff makes no effort to assert that Mr. Brown's current grievance is anything but the "same" grievance that was rejected by the Joint Grievance Committee in August of 1980. Indeed, this Court cannot see any basis for so arguing, because the two (2) grievances involve the same parties, the same position at the same facility, the same contractual provision, the same partsman, and the same job qualifications. However, plaintiff argues that the preclusive effect of the prior decision is itself a question for arbitration and not a question for this Court to determine. This Court agrees.
The weight of recent authority supports the proposition asserted by plaintiff. See Little Six Corporation v. United Mine Workers of America, 701 F.2d 26 (4th Cir. 1983); Westinghouse Broadcasting Co., Inc. v. Local 804, 616 F.2d 97 (3d Cir.1980); Local 103 v. RCA Corporation, 516 F.2d 1336 (3d Cir.1975). In Little Six the Court rejected the employer's argument that a prior arbitration award precluded rearbitration of the grievance asserted by the union, holding that "the question of the preclusive effect of the [prior] arbitration award is itself arbitrable." 701 F.2d at 29. This Court agrees with the result and the reasoning of Little Six. Moreover, the case of International Chemical Workers Union Local No. 189 v. Purex Corp., 427 F.Supp.338 (D.Neb.), aff'd, 566 F.2d 48 (8th Cir.1977), is not controlling on this question because in that case the district court held only that the dispute was arbitrable where there was an absence of strict factual identity between the two grievances. 427 F.Supp. at 339. The court neither decided nor discussed whether the question of the preclusive effect of a prior arbitrable award is one for the court or the arbitrator. See Little Six, 701 F.2d at 28.
Defendants argue that this Court, rather than an arbitrator, should decide the preclusive effect to be given to the Joint Grievance Committee's rejection of Mr. Brown's grievance, because a contrary result would allow plaintiff to keep taking the same grievance to arbitration until it obtains a favorable determination. Defendants' argument is appealing but not convincing. Gelco is free to argue to the arbitrator that the prior decision precludes Mr. Brown's present grievance. If an arbitrator rejects Gelco's contention, then Gelco may sue in this Court to set aside the arbitrator's award, see e.g., Sears, Roebuck & Co. v. Automotive, Petroleum and Allied Industries Union, Local No. 618, 570 F.Supp. 650 (E.D.Mo.1983), if such action is warranted. If an arbitrator accepts Gelco's preclusion argument and the union continues to grieve and arbitrate the same grievance involving the same parties, then Gelco may sue in this Court to compel the union to abide by the arbitrator's decision that the prior award precludes further arbitration. Therefore, there is little risk that the finality of the prior decision will be undermined by requiring Gelco to arbitrate the question of the preclusive effect of that decision.
Moreover, a dispute over the preclusive effect to be given to a decision of the Joint Grievance Committee arguably is a dispute "involving the application or interpretation of any provision of the Agreement." Article V(14). Thus, Gelco agreed to arbitrate this question and the Steelworkers cases mandate that this agreement be enforced.
Defendants also contend that Gelco should not be compelled to arbitrate this dispute, because in doing so this Court would be assisting plaintiff in breaching its duty, owed to Muehlrath, of fair representation. A labor union has a fiduciary duty to fairly represent all unit employees, both individually and collectively. Vaca v. Sipes, 386 U.S. 171, 182, 87 S.Ct. 903, 912, 17 L.Ed.2d 842 (1967). This duty requires labor representatives to refrain from arbitrarily discriminating against any individual employee or group of employees. Smith v. Hussman Refrigeration Co., 619 F.2d 1229, 1239 (8th Cir.), cert. denied, 449 U.S. 839, 101 S.Ct. 116, 66 L.Ed.2d 46 (1980). *1159 Defendants contend that plaintiff arbitrarily discriminated against Muehlrath, as a matter of law, in deciding to arbitrate Brown's grievance. Defendants rely on Hussman Refrigerator to support their argument that plaintiff's conduct was arbitrary in that plaintiff relied solely on the higher seniority of Brown in deciding to arbitrate Brown's grievance, and did not consider the relative qualifications of the two men or the prior Joint Grievance Committee decision. Defendants rely upon the deposition testimony of several individuals to support their factual contentions.
Plaintiff initially objects to the standing of Gelco to raise such an argument. However, this objection is not tenable because Muehlrath clearly has standing to raise a claim of breach of the duty of fair representation.
Plaintiff next contends that as to Muehlrath, the fair representation question is not ripe for decision because Muehlrath has not in any way been aggrieved. However, Muehlrath contends that plaintiff will breach its duty of fair representation if it takes Brown's grievance to arbitration. If this allegation is true, then arbitration may not be appropriate. Accordingly, this question is ripe for decision.
Defendants contend that they are entitled to summary judgment on the fair representation question, relying on Hussman Refrigerator. However, Hussman Refrigerator held only that a jury reasonably could have found that the union breached its duty of fair representation by its strict adherence to the principle of seniority in processing grievances. Hussman Refrigerator, 619 F.2d at 1239. It did not hold that such a policy necessarily, and as a matter of law, constitutes breach of the duty of fair representation.
Although this is a non-jury case and the question of fair representation will be decided by this Court, it is not yet clear that disposition of this question by summary judgment is appropriate. See generally, Schwarzer, Summary Judgment Under the Federal Rules, 99 F.R.D. 465. Plaintiff has failed to present the Court with any evidence which indicates that there is a genuine issue of material fact with respect to the fair representation question. Fed.R. Civ.P. 56(e). However, plaintiff is granted leave to present such evidence within twenty-one (21) days of the date of this memorandum. Following said presentation, this Court will determine whether a genuine issue of material facts exists and, if not, whether defendants are entitled to judgment as a matter of law on the fair representation question.
Accordingly, plaintiff's motion for summary judgment is granted on the issue of whether Gelco must arbitrate the preclusive effect of the 1980 Joint Grievance Committee decision. However, the effect of granting plaintiff's motion, i.e., requiring Gelco to arbitrate, will be stayed pending final resolution of Muehlrath's fair representation claim. Defendants' motions for summary judgment are held under submission pending receipt of evidence from plaintiff, as discussed supra.

ORDER
NANGLE, Chief Judge.
Pursuant to the memorandum filed herein this day,
IT IS HEREBY ORDERED that plaintiff's motion for summary judgment be and is granted, but defendant Gelco shall not be required to arbitrate until defendant Muehlrath's claim that plaintiff breached its duty of representation is disposed of.
IT IS FURTHER ORDERED that plaintiff is granted leave to present, in writing and within twenty-one (21) days of the date of this order, evidence which indicates that there is a genuine issue of material fact with respect to Muehlrath's claim. Defendants' motions for summary judgment are held under submission pending receipt of said evidence.
IT IS FURTHER ORDERED that defendant Gelco's motion to compel production of documents be and is denied.
*1160 IT IS FURTHER ORDERED that plaintiff's application for an award of attorney's fees be and is denied.