bankruptcy court abused its discretion in its ruling on damages.

We have carefully reviewed appellants' other assertions of error and find them to be without merit. Accordingly, we affirm the judgment of the district court affirming the bankruptcy court's decision granting rescission of the Aggieville contract.

The INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS, AFL–CIO, Appellee,

v.

REPUBLIC AIRLINES, INC., a corporation, Appellant.

No. 86–5441.

United States Court of Appeals, Eighth Circuit.

Submitted May 14, 1987.

Decided Sept. 25, 1987.

Sue Halverson, Minneapolis, Minn., for appellant.

Erwin A. Peterson, St. Paul, Minn., for appellee.

Before ROSS,[*] Circuit Judge, HENLEY, Senior Circuit Judge, and JOHN R. GIBSON, Circuit Judge.

ROSS, Senior Circuit Judge.

The International Association of Machinists and Aerospace Workers, AFL–CIO (the Union) brought this action in the district court seeking to compel Republic Airlines, Inc. (Republic) to arbitrate a grievance pursuant to the parties' collective bargaining agreement. The district court entered summary judgment in favor of the Union and directed the parties to arbitration. Republic appeals. For the reasons set forth below, we reverse.

In 1984 seven Republic employees filed grievances complaining that Republic had failed to comply with Article III, Paragraphs K and K.1 of the parties' collective bargaining agreement and a letter of agreement dated June 30, 1983. These provisions related to the threshold catering of food and beverages from catering trucks onto airplanes. Because these seven grievances were "closely related," they were ultimately submitted to arbitration together before a five-member panel of the System Board of Adjustment (the Board). After the Union presented its case, the Board voted unanimously to grant summary judg-

ment in favor of Republic and dismissed the grievances for failure of proof.

In 1985 three more Republic employees filed grievances alleging violations by Republic of the same threshold catering provisions as were the subject of the seven earlier grievances. Republic denied the grievances on the ground that the issue had already been settled by the earlier Board decision. When Republic refused to arbitrate, the Union brought an action in the district court seeking to compel arbitration.

In support of its position that the grievances were not arbitrable, Republic relied on Article X, Paragraph E of the collective bargaining agreement, which provided that "the Board shall consider any dispute properly submitted to it * * * when such dispute has not been previously settled in accordance with the * * * Agreement." Republic argued that the new grievances were not arbitrable because the dispute over threshold catering had been "previously settled" by the Board's decision on the 1984 grievances.

The district court determined that although the question of arbitrability is for a court to decide, the question of whether a dispute has been "previously settled" is for the arbitrator. Therefore, the district court entered judgment in favor of the Union and ordered the parties to arbitration. Because we believe that the court rather than the arbitrator is to decide whether the dispute was previously settled in this case, we reverse.

The issue presented in this case is whether the court or the arbitrator should decide whether a dispute has been previously settled. Resolution of this issue necessarily depends on whether the parties agreed in their collective bargaining agreement to submit the issue to arbitration. " '[A]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit.' " *AT & T Technologies, Inc. v. Communication Workers of Am.,* 475 U.S. 643, 106 S.Ct. 1415, 1418, 89 L.Ed.2d 648

---

[*] The Honorable Donald R. Ross assumed senior status on June 13, 1987.

(1986) (quoting *Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582, 80 S.Ct. 1347, 1353, 4 L.Ed.2d 1409 (1960)). Moreover, "the question of arbitrability—whether a collective bargaining agreement creates a duty for the parties to arbitrate the particular grievance—is undeniably an issue for judicial determination." *Id.*

Unless the parties have agreed to submit to arbitration the question of whether a dispute has been previously settled, Republic cannot be compelled to arbitrate the issue. " 'The duty to arbitrate being of contractual origin, a compulsory submission to arbitration cannot precede judicial determination that the collective bargaining agreement does in fact create such a duty.' " *Id.* 106 S.Ct. at 1419 (quoting *John Wiley & Sons, Inc. v. Livingston*, 376 U.S. 543, 546–47, 84 S.Ct. 909, 912–13, 11 L.Ed.2d 898 (1964)). The Union points to no provision in the parties' collective bargaining agreement which allows the Board to reconsider its previous decisions in order to determine whether a grievance has been "settled." On the contrary, the parties contracted in their agreement that the decisions of the Board are "final and binding." We further find no provision of the agreement giving the Board the power to define the meaning of "final." Consequently, we find no indication that the parties intended for an arbitrator to decide whether a dispute has been previously settled. We therefore hold that the question is to be determined by the district court.

In determining that the arbitrator rather than the court should decide whether the grievances were previously settled, the district court relied on another principle of arbitration which was discussed by the Supreme Court in *AT & T*:

> [W]here the contract contains an arbitration clause, there is a presumption of arbitrability in the sense that "[a]n order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an

interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage."

*Id.* (quoting *Warrior & Gulf, supra*, 363 U.S. at 582–83, 80 S.Ct. at 1353). *See also I.S. Joseph Co. v. Michigan Sugar Co.*, 803 F.2d 396, 399 (8th Cir.1986). The district court determined that because it was not clear whether the 1984 grievances were previously decided, there was a doubt regarding arbitrability which should be "resolved in favor of coverage."

However, the presumption of arbitrability as discussed in *AT & T* does not apply in the present case. In *AT & T*, the Court was considering the parties' duty to arbitrate in light of a broad arbitration clause which provided for arbitration of " 'any differences arising with respect to the interpretation of this contract or the performance of any obligation hereunder * * *.' " *Id.*[1] The Court stated that "[i]n such cases, '[i]n the absence of any express provision excluding a particular grievance from arbitration, we think only the most forceful evidence of a purpose to exclude the claim from arbitration can prevail.' " *Id.* (quoting *Warrior & Gulf, supra*, 363 U.S. at 584–85, 80 S.Ct. at 1354) (emphasis added).

Unlike *AT & T*, in the present case there is an express contractual provision specifically excluding from arbitration previously settled disputes. Such an exclusion renders the presumption of arbitrability inapplicable to the present dispute.

Republic characterizes this issue as being a question of the Board's jurisdiction to hear the new threshold catering grievances. We agree. As noted, the parties' collective bargaining agreement gave the Board jurisdiction to "consider any dispute properly submitted to it * * * when such dispute has not been previously settled in accordance with the terms provided for in this agreement." Therefore, if these issues in the 1985 grievances were previously settled, the Board would be without jur-

---

**1.** *AT & T* involved a situation in which AT & T laid off 79 installers based on lack of work at its Chicago plant and soon thereafter transferred to Chicago a similar number of installers from other locations. *AT & T Technologies, Inc. v. Communications Workers of Am.*, 475 U.S. 643, 106 S.Ct. 1415, 1417, 89 L.Ed.2d 648 (1986).

isdiction to hear the grievances. This court has previously stated:

> [A]ny power that the arbitrator has to resolve the dispute must find its source in a real agreement between the parties. He has no independent source of jurisdiction apart from the consent of the parties. If there is in fact a dispute as to whether an agreement to arbitrate exists, then that issue must first be determined by the court as a prerequisite to the arbitrator's taking jurisdiction.

*I.S. Joseph, supra,* 803 F.2d at 399. This jurisdiction of the arbitrator must be determined by the district court:

> The willingness of parties to enter into agreements that provide for arbitration of specified disputes would be "drastically reduced," however, if a labor arbitrator had the "power to determine his own jurisdiction...." Cox, *Reflections Upon Labor Arbitration,* 72 Harv.L.Rev. 1482, 1509 (1959). Were this the applicable rule, an arbitrator would not be constrained to resolve only those disputes that the parties have agreed in advance to settle by arbitration, but instead, would be empowered "to impose obligations outside the contract limited only by his understanding and conscience". *Ibid.*

*AT & T, supra,* 106 S.Ct. at 1419–20.

In the present case, we find that the Board is without jurisdiction to decide whether the threshold catering grievances have been previously settled. After the Board rendered its decision regarding the 1984 grievances, it no longer had jurisdiction over the grievances. Consequently, the Board now is without jurisdiction to reconsider its decision in order to determine whether its prior decision "settled" the threshold catering issue. This case is similar to *Ozark Air Lines, Inc. v. National Mediation Bd.,* 797 F.2d 557 (8th Cir.1986) recently decided by a panel of this court. In that case the issue was whether an arbitration board could reconsider a previous decision it had made in order to determine whether the decision was final. We held that the board was without jurisdiction to reconsider its decision, stating "the ren-

dering of a decision by the Board exhausted its jurisdiction and left the Board without the power to reconsider the meaning of 'final.'" *Id.* at 562.

In granting summary judgment for the Union, the district court relied on *United Mine Workers of Am.Dist. No. 5 v. Consolidation Coal Co.,* 666 F.2d 806 (3d Cir. 1981), in which the Third Circuit stated that "it is an arbitrator, and not the court, who is to decide whether the same issue has already been resolved in an earlier proceeding." *Id.* at 811. We find that *Consolidation* is inapplicable to the present case as the court there was concerned with a different issue than that faced by this court. The *Consolidation* issue was whether an ambiguous settlement agreement between the parties covered the same dispute which was the subject of a current grievance. Declining to resolve this "identity of issues" question, the Third Circuit stated:

> Federal courts are bound to exercise the utmost restraint to avoid intruding on the bargained-for method of dispute resolution and when enforcement of an arbitration award or settlement agreement is sought * * *, the court must be able to say "with positive assurance" that the award or settlement was intended to cover the dispute. If the court has any doubt, the parties should be returned to their grievance procedure and arbitration, for it is an arbitrator, and not the court, who is to decide whether the same issue has already been resolved in an earlier proceeding.

*Id.* (footnote omitted).

In the present case, there is no identity of issues question. To the contrary, there is no question but that the 1984 grievances relate to the exact threshold catering provisions as are the subject of the present grievances.

Likewise, the cases relied on by the Union are distinguishable from the present case. In *Automotive, Petroleum & Allied Indus. Employees Union, Local 618 v. Gelco Corp.,* 581 F.Supp. 1155 (E.D.Mo. 1984), the court held that the arbitrator is

to decide whether a party is collaterally estopped from arbitrating a grievance when the exact grievance had previously been resolved pursuant to the parties' grievance mechanism. In *Gelco*, unlike the present case, there was no contractual provision removing from arbitration previously settled cases. Rather, the court found that the broad arbitration clause in the parties' contract required them to arbitrate the preclusive effect of the prior award. *Id.* at 1158.

*Little Six Corp. v. United Mine Workers of Am., Local Union No. 8332,* 701 F.2d 26 (4th Cir.1983) is similarly distinguishable. Like *Gelco*, the issue in *Little Six* was the preclusive effect to be given a previous arbitration award. *Id.* at 27. Unlike the present case, there was no specific contractual provision in *Little Six* rendering inarbitrable previously decided cases.

Finally, the holding in *T.L.I., Inc. v. General Teamsters Local Union No. 261,* 515 F.Supp. 27 (W.D.Pa.1981) is inapplicable to the present case. As in *Consolidation, supra,* the issue in *T.L.I.* was whether the arbitrator or the court was to decide an identity of issues question. *Id.* at 29.

### Conclusion

We conclude that the district court rather than the arbitrator should decide whether the Board's decision regarding the 1984 grievances "previously settled" the threshold catering issue, thereby rendering the new grievances inarbitrable. We reverse the judgment of the district court and remand this case for further proceedings consistent with this opinion.