INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL NO. 4, AFL–CIO; Richard Kurre, Appellees,

v.

KTVI–TV, INC., a Missouri corporation, Appellant.

No. 92–1911.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 17, 1992.

Decided Feb. 4, 1993.

D. Michael Linihan, St. Louis, MO, argued (Terry L. Potter, on the brief), for appellant.

John H. Goffstein, Clayton, MO, argued (Brent J. Jaimes, on the brief), for appellees.

Before FAGG, WOLLMAN, and HANSEN, Circuit Judges.

FAGG, Circuit Judge.

KTVI–TV, Inc. fired employee Richard Kurre, citing the unacceptable quality of his performance as the reason. Kurre and the International Brotherhood of Electrical Workers (the union), the exclusive bargaining agent for certain KTVI employees, filed a grievance alleging KTVI terminated Kurre because of his age in violation of the just cause and antidiscrimination provisions of the parties' collective bargaining agreement (CBA). The union sought arbitration, but KTVI refused to arbitrate contending the CBA's quality clause excluded arbitration of any discharge characterized by KTVI as one for unacceptable quality of performance. Because the CBA provides that discharges for unacceptable quality of performance are not arbitrable, we must decide if the parties intended to arbitrate the threshold question whether this nonarbitrable reason given by KTVI was the real reason for Kurre's discharge. We believe the CBA's arbitration clause permits arbitration of the real reason for Kurre's discharge, and thus, KTVI should be compelled to arbitrate this question.

Article III of the CBA establishes a grievance and arbitration procedure for resolving disputes between the parties. The procedure applies to any employee or union complaint that KTVI violated an express CBA provision. CBA art. III, § 3.02(a). Although KTVI retains its right to terminate employees for lack of work or for other legitimate reasons, CBA art. VIII, § 8.01, KTVI must have just cause for a

discharge, CBA art. III, § 3.02(c). Under the CBA's "quality clause," just cause includes "job performance which, in the opinion of [KTVI], fails to meet acceptable standards of quality, and a discharge for that reason will ... not be subject to grievance or arbitration if [KTVI] pays [the discharged] employee ... [s]pecial [s]everance [p]ay" and an additional sum based on the employee's seniority. CBA art. III, § 3.04. The CBA expressly prohibits age discrimination. CBA art. XII, § 12.03.

 KTVI correctly argues that a party who has not agreed to arbitrate a dispute cannot be forced to do so. *AT & T Technologies, Inc. v. Communications Workers of Am.*, 475 U.S. 643, 648, 106 S.Ct. 1415, 1418, 89 L.Ed.2d 648 (1986); *Actors' Equity Ass'n v. American Dinner Theatre Inst.*, 802 F.2d 1038, 1043 (8th Cir.1986). Nevertheless, there is a presumption of arbitrability in this case because the parties' CBA contains an arbitration clause. *See AT & T*, 475 U.S. at 650, 106 S.Ct. at 1419; *Actors' Equity*, 802 F.2d at 1044. Under the presumption, arbitration " 'should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.' " *AT & T*, 475 U.S. at 650, 106 S.Ct. at 1419 (quoting *United Steelworkers of Am. v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582–83, 80 S.Ct. 1347, 1352–53, 4 L.Ed.2d 1409 (1960)); *see Actors' Equity*, 802 F.2d at 1044.

KTVI asserts the presumption of arbitrability is overcome because the quality clause expressly excludes arbitration when KTVI states the quality of performance is the reason for an employee's discharge, even if the real reason for discharging the employee is discriminatory. *See AT & T*, 475 U.S. at 650, 106 S.Ct. at 1419; *Actors' Equity*, 802 F.2d at 1044. We disagree.

We cannot "sa[y] with positive assurance" that the quality clause expressly excludes arbitration when the parties disagree on the reason for the discharge. *AT & T*, 475 U.S. at 650, 106 S.Ct. at 1419; *see Winery, Distillery & Allied Workers Union, Local 186 v. E & J Gallo Winery,*

*Inc.*, 857 F.2d 1353, 1356 (9th Cir.1988). The clause clearly excludes arbitration when the actual reason for an employee's discharge is quality of performance characterized by KTVI as unacceptable. Although the quality clause gives KTVI the unquestionable right to characterize the quality of an employee's performance, the clause does not unambiguously give KTVI unfettered discretion to avoid arbitration by classifying a discharge as one for quality of performance when the union contends the discharge was for another reason. *See E & J Gallo*, 857 F.2d at 1356.

We conclude that when KTVI gives quality of performance as the reason for discharging an employee and the union challenges the reason, the disputed reason is arbitrable. *See id.* Contrary to KTVI's assertion, this conclusion does not render the quality clause meaningless. Because KTVI has the final word on the quality of an employee's performance, discharges based on quality of performance cannot be arbitrated when the union agrees that is the reason for the employee's discharge. When the union disagrees with the given reason, however, an arbitrator must decide in the first instance whether the quality of performance is the true reason for the employee's discharge. If the arbitrator finds the quality of the employee's performance was the reason for the challenged discharge, the discharge falls within the quality clause and arbitration comes to an end. The arbitrator cannot extend the arbitration to decide whether KTVI has a sound basis for its evaluation of the employee's performance, which KTVI has not agreed to arbitrate. On the other hand, if the arbitrator finds the quality of the employee's performance was not the real reason for the discharge, KTVI must establish just cause for the discharge.

We affirm the district court's order compelling arbitration.

WOLLMAN, Judge, dissenting.

There can be no argument with the principles of law set forth in the court's opinion regarding the scope of arbitration clauses. The only question is whether the parties

agreed that job performance discharges should not in any manner be subject to arbitration.

Because I believe that the union expressly bargained away the right to arbitrate any and all disputes over discharges based upon a member's job performance, I respectfully dissent from the court's opinion.

If it were possible to parse the arbitrable issue—whether poor job performance was the real reason for the discharge—in such a way as to avoid reaching the merits of the discharged employee's job performance, I might well join the court's opinion. As I see it, however, once a discharged employee challenges as pretextual KTVI's proffered reason for discharge, it is inevitable that the arbitrator will have to make findings regarding the quality of the discharged employee's job performance, the very issue that the parties expressly agreed would not be subject to arbitration. Accordingly, I would hold that this is one of those relatively rare cases in which the parties have clearly agreed to exclude from arbitration a condition and term of employment.

Such a holding would not leave KTVI's employees without a remedy for, among other things, alleged age-based discharges, for they would have all of the remedies available under statute and common law. *Cf. International Ass'n of Machinists v. Republic Airlines*, 829 F.2d 658 (8th Cir. 1987).

I would reverse the order compelling arbitration.