**JOHN MORRELL & COMPANY,**
Appellee,

v.

**UNITED FOOD AND COMMERCIAL WORKERS INTERNATIONAL UNION, LOCAL 304A, AFL–CIO AND CLC; United Food and Commercial Workers International Union, AFL–CIO and CLC, Appellants.**

No. 92–1917.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 18, 1992.

Decided May 5, 1993.

Rehearing and Rehearing En Banc
Denied July 19, 1993.

Richard Roesel, Washington, DC, argued (Irving M. King, Chicago, IL, on the brief), for appellants.

Leslie M. Smith, Chicago, IL, argued (Michael P. Foradas and Peter B. McCutchen, Chicago, IL, and Jeremiah D. Murphy and James E. McMahon, Sioux Falls, SD, on the brief), for appellee.

Before McMILLIAN, Circuit Judge, LAY, Senior Circuit Judge, and BOWMAN, Circuit Judge.

LAY, Senior Circuit Judge.

From May through November of 1987, union workers engaged in a sympathy strike at John Morrell & Co.'s Sioux Falls, South Dakota, plant in support of a union strike at another Morrell plant. When the strikers attempted to return to work, Morrell delayed their return. Local 304A of the United Food and Commercial International Workers and the United Food and Commercial Workers International Union (the Unions) then filed grievances pertaining to reinstatement, se-

niority rights and other matters. The company denied the grievances. The workers sought arbitration under the collective bargaining agreement. The arbitrator sustained the grievances and found the strikes were lawful. In the meantime, Morrell sued the Unions. A jury found the strikes were unlawful and awarded $24.6 million to the company.

The company thereafter moved to vacate the arbitrator's award. The district court ruled that the arbitrator exceeded the scope of his authority and that the jury verdict had preclusive effect. *John Morrell & Co. v. Local Union 304A, United Food & Commercial Workers*, 708 F.Supp. 273 (D.S.D.1989). This court affirmed the district court on both grounds. *John Morrell & Co. v. Local Union 304A, United Food & Commercial Workers*, 913 F.2d 544 (8th Cir.1990) (Morrell II), *cert. denied*, —— U.S. ——, 111 S.Ct. 1683, 114 L.Ed.2d 78 (1991).[1]

The Unions thereafter renewed their grievances before the arbitrator on the ground that the lawfulness of the strike was not germane to their success in arbitration. Morrell refused arbitration and sought a declaratory judgment in the district court that the previous arbitration had covered all issues and the Unions had lost. The district court agreed. It held the Unions' "rights to arbitration would depend upon the validity of th[e sympathy] strike." This appeal followed. We reverse.

■ We agree with Morrell that the district court had jurisdiction to determine the arbitrability of the dispute. *International Ass'n of Machinists & Aerospace Workers v. Republic Airlines*, 829 F.2d 658, 659–60 (8th Cir.1987) (relying on *AT & T Technologies, Inc. v. Communications Workers*, 475 U.S. 643, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986)).

■ In *Morrell II* we held that the arbitrator exceeded his authority by determining the strike's legality. 913 F.2d at 560–61. This is the law of the case. We stated:

1. In *John Morrell & Co. v. Local Union 304A, United Food & Commercial Workers*, 804 F.2d 457 (8th Cir.1986) (per curiam) (Morrell I), *cert. denied*, 481 U.S. 1014, 107 S.Ct. 1889, 95 L.Ed.2d 496 (1987), we vacated a preliminary injunction halting an earlier sympathy strike at Morrell's Sioux Falls plant.

Text:

There was evidence that the parties indicated at that time that they did not want the arbitrator to address the issue of the legality of sympathy strikes. Each party insisted that it would prevail in arbitration of the recall issue regardless of the outcome of the appeal of the liability verdict, the appeal currently before us.... Indeed, when the parties stated the issues in their opening briefs for the arbitrator, neither party referred to the issue of the legality of the strikes.

The arbitrator, however, first determined the legality of the strike, and then did not address the Unions' argument that the grievance should be upheld even if the strike was illegal.[2]

As the Supreme Court said in *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 40 n. 10, 108 S.Ct. 364, 372 n. 10, 98 L.Ed.2d 286 (1987), courts should not foreclose further proceedings before an arbitrator even if the arbitrator's prior "procedural aberrations rise to the level of affirmative misconduct" requiring a court to vacate an award. That the parties in this case contemplated further proceedings before the arbitrator is plain from his decision. The arbitrator expressly left open such questions as whether the replacement workers were temporary or permanent, Arbitrator's Award, No. 218–87, slip op. at 20 (Rentfro, Arb. Nov. 5, 1988), and a section of the award is titled, "Remaining Issues," *id.* at 25. As we have already stated, the arbitrator never addressed the Unions' argument that they should prevail even if the strike was illegal because the arbitrator determined the strike

was legal. In *Morrell II* we vacated the arbitrator's finding on the legality of the strike, and we now find that the Unions have not waived returning to the arbitrator for further proceedings in accordance with the mandate set out in our prior opinion.[3]

For the above reasons, the judgment of the district court is reversed.

**2.** The company agrees that as a matter of federal law, the rights to arbitration in the first instance did not depend on the validity of the strike. *See Local Union No. 721, United Packinghouse, Food & Allied Workers v. Needham Packing Co.*, 376 U.S. 247, 84 S.Ct. 773, 11 L.Ed.2d 680 (1964) (holding that a union does not waive its right to arbitrate grievances simply because it engages in an illegal strike). It thus observes that it agreed to arbitrate this question, but it argues that it need not arbitrate it a second time.

**3.** Morrell asks us to affirm the trial court on the alternative ground that the Unions' effort is barred by the statute of limitations. The district court did not decide this issue. We have held that actions to compel arbitration are governed by the six-month statute of limitations set forth in

§ 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b). *Alcorn v. Burlington N.R.R.*, 878 F.2d 1105, 1108 (8th Cir.1989). Morrell argues that the Unions did not seek to compel its presence at the arbitrator's table within six months of its refusal to return to arbitration. However, Morrell has cited us no authority suggesting the six-month statute of limitations applies when one party abandons an ongoing arbitration. Under such circumstances, the arbitration can proceed even if the party refuses to participate further. *Toyota v. Automobile Salesman's Union Local 1095*, 834 F.2d 751, 755 (9th Cir.1987), *cert. denied*, 486 U.S. 1043, 108 S.Ct. 2036, 100 L.Ed.2d 620, *modified*, 856 F.2d 1572 (9th Cir.1988). We thus hold the statute of limitations does not apply in such circumstances.