**Dennis COOK, Plaintiff–Appellant,**

v.

**COLUMBIAN CHEMICALS COMPANY; Local # 381 International Union of Operating Engineers, Defendants–Appellees.**

**No. 93–1190.**

United States Court of Appeals, Eighth Circuit.

Submitted June 15, 1993.

Decided July 9, 1993.

102 S.Ct. 1883, 1893–94, 72 L.Ed.2d 262 (1982).

Gene O'Daniel, Little Rock, AR, argued for plaintiff-appellant.

Tim Boe, Little Rock, AR, argued (David P. Martin, on brief), for defendants-appellees.

Before WOLLMAN and LOKEN, Circuit Judges, and BOGUE,* Senior District Judge.

BOGUE, Senior District Judge.

Dennis Cook appeals from a final order entered in the District Court[1] for the Western District of Arkansas, dismissing his hybrid § 301/fair representation suit brought pursuant to the Labor Management Relations Act, 29 U.S.C. § 185.

Appellant worked for appellee Columbian Chemicals Company ("Columbian") from June 1987 until August 7, 1991, when he was discharged for allegedly fighting with another employee. He protested the discharge to appellee International Brotherhood of Operating Engineers ("Union"), which filed a grievance on August 28, 1991. Columbian denied the grievance on September 12, 1991. Under the terms of the applicable collective bargaining agreement, arbitration was available to resolve disputes over discharge; however, the union was required to request such arbitration, if at all, within 60 days after the grievance was filed. According to appellant, Union held a vote which resulted in a decision to seek arbitration. Notwithstanding the vote, the 60–day period lapsed without any action by Union. Thus the time to seek arbitration expired on October 27, 1991. On January 30, 1992, in response to an inquiry from Union, Columbian's Personnel Director indicated that although the time for arbitration had passed, Columbian was willing to discuss the matter further. Appellant received a copy of this letter on February 1, 1992.

Appellant filed the instant lawsuit on June 29, 1992, claiming that Columbian violated the "just cause" termination provision of its collective bargaining agreement by discharging him; and further that Union had failed to properly represent him in the proceedings surrounding his discharge. Defendants moved to dismiss, asserting that the applicable six-month statute of limitations began to run on October 27, 1991; thus the action was time barred. The District Court agreed, and Cook appeals, arguing that the limitation period did not start to run until he received actual written notice that it was too late to seek arbitration.

Appellant does not dispute the proposition that the six-month limitation period from 29 U.S.C. § 160(b) governs this entire action. *See Livingstone v. Schnuck Market, Inc.,* 950 F.2d 579, 581 (8th Cir.1991) (citations omitted). Thus the only issue is whether the trial

---

* The Hon. Andrew W. Bogue, Senior United States District Judge for the District of South Dakota, sitting by designation.

1. The Honorable Jimm Larry Hendren, United States District Judge for the Western District of Arkansas.

court correctly held that the period began to run on October 27, 1991 (the last day the union could have sought arbitration) rather than February 1, 1992 (the day appellant received written notice that the time to request arbitration had expired).

This court has held that a hybrid "cause of action against [an employee's] employer and his union [accrue] when the union [decides] not to pursue appellant's grievance about his discharge." *Gustafson v. Cornelius Co.,* 724 F.2d 75, 79 (8th Cir.1983). In the instant matter, the Union's decision not to pursue appellant's grievance to arbitration occurred, at the latest, on October 27, 1991, the last day that arbitration could have been timely requested. "[T]his court has never required that the union give the employee unequivocal notice before the employee's cause of action begins to accrue." *Livingstone,* 950 F.2d at 583. Thus, no actual notice to appellant regarding the Union's inaction was needed to trigger the limitation period, and there is no allegation that either Columbian or the Union affirmatively misled appellant in the manner that might equitably toll the limitations period. Further, notwithstanding the lack of an actual notice requirement, constructive notice of the existence of appellant's cause of action could be imputed to him by operation of the collective bargaining agreement under which he worked. *See, e.g., Shapiro v. Cook United, Inc.,* 762 F.2d 49, 51 (6th Cir.1985); *Metz v. Tootsie Roll Indus., Inc.,* 715 F.2d 299, 304 (7th Cir.1983), *cert. denied,* 464 U.S. 1070, 104 S.Ct. 976, 79 L.Ed.2d 214 (1984).

In summary, this court agrees with *Proudfoot v. Seafarer's Int'l Union,* 779 F.2d 1558 (11th Cir.1986), where the Eleventh Circuit said that an employee's cause of action accrues when "the grievance procedure [is] exhausted or otherwise [breaks] down to the employee's disadvantage." *Id.* at 1559. Here, the procedure broke down to appellant's disadvantage, at the latest, when the time for the Union to seek arbitration expired. Therefore, the statutory six-month limitation period began to run on October 27, 1991; and was time-barred when appellant filed his complaint.

Accordingly, the order of the district court is affirmed.