No. 96-1538

| | | |
|---|---|---|
| The United Rubber, Cork, | * | |
| Linoleum, and Plastic Workers | * | |
| of America, AFL-CIO, CLU, | * | |
| Local 164, | * | |
| | * | |
| Plaintiff-Appellant, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Southern District of Iowa. |
| | * | |
| Pirelli Armstrong Tire | * | |
| Corporation, | * | |
| | * | |
| Defendant-Appellee. | * | |

Submitted:  September 13, 1996

Filed:  January 6, 1997

Before WOLLMAN, ROSS, and HANSEN, Circuit Judges.

HANSEN, Circuit Judge.

The United Rubber, Cork, Linoleum and Plastic Workers of America, AFL-CIO, CLU, Local 164 (the Union), the collective bargaining agent for the workers of Pirelli Armstrong Tire Corporation (Pirelli), brought this action to compel Pirelli to arbitrate and process 35 grievances that arose under a collective bargaining agreement (CBA) between the Union and Pirelli.  The Union appeals the district court's[1] grant of partial summary

---

[1]The Honorable Ronald E. Longstaff, United States District Judge for the Southern District of Iowa.

judgment, which denies the petition to compel arbitration for 30 of those grievances.[2]  We affirm.

## I.

On July 15, 1991, the Union and Pirelli entered into a collective bargaining agreement, which contains a grievance procedure that requires final and binding arbitration of disputes arising under the CBA.  The CBA provides that the grievance process progresses in three steps.  At step one, the employee presents the grievance to a senior foreman.  If not satisfactorily settled at step one, the grievance proceeds to step two, where it is reduced to writing and presented to the Divisional Superintendent.  If a satisfactory settlement is not negotiated at step two, the grievant can appeal to step three within 10 days of the step two disposition.  At step three, the grievance is advanced by the local union negotiating committee, which meets with the employee relations manager.  The employee relations manager provides a written answer to the grievance within 5 days after the meeting.  From the date of the step-three answer, the Union has 30 days to invoke arbitration.

The CBA also provides that the parties may agree to establish additional steps to facilitate the grievance process.  The record demonstrates that the parties developed an informal process of placing a grievance on hold at either the second or third step of the grievance process.  Those grievances placed on hold remained viable in spite of the time limits provided in the CBA, but the parties disagree over whether the face of the grievance would necessarily bear a notation that it was being held in order for the

---

[2]An appeal may be taken from an order denying a petition to compel arbitration.  9 U.S.C. § 16(a)(1)(B) (1994).  An interlocutory order denying a petition to compel arbitration, see 9 U.S.C. § 4,  is immediately appealable. Ballay v. Legg Mason Wood Walker, Inc., 878 F.2d 729, 732 (3d Cir. 1989).

2

grievance to remain viable.  Pirelli asserts that the grievances not marked "hold" are no longer viable, while the Union contends that all of the grievances were on hold, whether marked or not.

The CBA expired on July 15, 1994.  At that time, the 35 employee grievances that are the subject of this suit had accrued and remained pending.  The parties were unable to negotiate a new agreement, and the employees went on strike.  On July 16, 1994, Pirelli sold its assets to Titan Tire Corporation (Titan).  The expired CBA provided that Pirelli's obligations under it would pass to any subsequent owner, and the purchase agreement specifically provided that Titan would assume all obligations with respect to the transferred employees' claims under the Employee Benefit Plan.  Thus, the Union continued to seek resolution of the grievances that had arisen under the now-expired CBA.  In August 1994, Titan negotiated a return-to-work agreement with the employees, but the 35 grievances that had arisen prior to the expiration of the CBA were never settled or arbitrated.

On January 13, 1995, the Union brought this action pursuant to § 301 of the Labor Management Relations Act, 29 U.S.C. § 185 (1994), seeking to compel Pirelli to arbitrate these 35 outstanding grievances.  Both parties moved for summary judgment.  The Union sought an order compelling Pirelli to arbitrate the grievances.  The district court denied the Union's motion for summary judgment, concluding that the CBA's provision that all obligations shall pass to any subsequent owner may preclude the Union from compelling Pirelli to arbitrate subsequent to its sale of the business to Titan.

Pirelli sought summary judgment on several grounds, including that the action to compel arbitration is barred by the limitation periods provided in both the expired CBA (requiring the Union to appeal a step-two disposition within 10 days and a step-three disposition within 30 days) and in 29 U.S.C. § 160(b) (requiring

3

suit to be filed within 6 months after the cause of action accrues). The district court denied Pirelli's motion for summary judgment on all grounds but one. The district court concluded, among other things, that Pirelli was not entitled to summary judgment on the basis of the procedural limitations provided in the CBA, because that is an issue reserved for the arbitrator, not the court. However, the district court granted partial summary judgment to Pirelli as to 30 grievances, concluding that this court action to compel arbitration of those 30 grievances is barred by the 6-month statute of limitations period provided in 29 U.S.C. § 160(b). The court denied summary judgment on the remaining 5 grievances, finding that a question of material fact exists regarding whether the parties agreed to place these grievances on hold because of a specific notation on the face of the grievances, which may have tolled the statute of limitations.

The Union appeals the district court's grant of partial summary judgment, denying the Union's petition to compel arbitration of 30 grievances. Trial on the remaining 5 grievances has been delayed pending the outcome of this appeal.

## II.

We review the district court's grant of summary judgment de novo, applying the same standards as the district court. Beverly Hills Foodland, Inc. v. United Food and Commercial Workers Union, Local 655, 39 F.3d 191, 194 (8th Cir. 1994). Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Id.; Fed. R. Civ. P. 56(c).

The Union contends that the district court erred by denying its petition to compel arbitration of the 30 grievances at issue in this appeal. Specifically, the Union argues that the court improperly determined a matter reserved for the arbitrator by

4

considering whether the grievances had been placed on hold. We disagree.

There is no dispute that an action to compel arbitration is governed by the 6-month limitations period set forth in § 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b). John Morrell & Co. v. United Food and Commercial Workers Int'l Union, Local 304A, 992 F.2d 205, 207 n.3 (8th Cir.), cert. denied 510 U.S. 994 (1993); Alcorn v. Burlington N.R.R., 878 F.2d 1105, 1108 (8th Cir. 1989). The question of whether a petition to compel arbitration is timely under the statute of limitations is an appropriate issue for the court; where the district court has jurisdiction to hear a claim, it necessarily has jurisdiction to determine the timeliness of that claim. National Iranian Oil Co. v. Mapco Int'l, Inc., 983 F.2d 485, 491 (3d Cir. 1992) (stating this principle in the context of a petition to compel arbitration under the Arbitration Act, 9 U.S.C. § 4). After the court determines "that the parties are obligated to submit the subject matter of a dispute to arbitration, `procedural' questions which grow out of the dispute and bear on its final disposition should be left to the arbitrator." John Wiley & Sons v. Livingston, 376 U.S. 543, 557 (1964).

We are satisfied that the district court did not decide an issue that is reserved for the arbitrator but properly considered only whether the cause of action before it was timely. The district court could not determine the timeliness of the action before it without first determining when the 6-month statute of limitations began to run. This required some reference to the terms of the CBA. A cause of action to compel arbitration "accrues when the grievance procedure is exhausted or otherwise breaks down to the employee's disadvantage," which is, at the latest, the last date when arbitration could have been requested. Cook v. Columbian Chem. Co., 997 F.2d 1239, 1241 (8th Cir. 1993) (internal quotations and alterations omitted).

5

To determine when the cause of action accrued, the district court looked to the last date when arbitration could have been timely requested under the terms of the CBA. Of the grievances at issue in this appeal, the most recent grievance disposition that was not appealed was a step-three disposition dated June 3, 1994. Because this was a step-three disposition for which the CBA provided 30 days in which to appeal to the arbitration step, a cause of action to compel arbitration accrued 30 days later on July 3, 1994 -- the last date when arbitration could have been timely requested. The present action was filed on January 13, 1995, more than 6 months after the cause of action accrued.

The Union contends that summary judgment was inappropriate because the parties agreed to hold these grievances and thus, the cause of action did not accrue until August 16, 1994, the date when the Union requested Pirelli to continue negotiating all outstanding grievances. As already noted, the CBA specifically provided that the parties could agree to modify the grievance procedure set forth in the CBA. The district court denied summary judgment as to 5 grievances, concluding that the evidence indicated that the parties may have agreed to hold them beyond the expiration of the time for appeal specifically provided in the CBA, which in turn may have prevented the accrual of this cause of action. Those 5 grievances bore a specific notation of "hold," dated subsequent to the final step-two or step-three disposition noted on the grievance. As to the 30 grievances at issue in this appeal, the district court concluded that the Union "failed to create a question of material fact regarding whether they were placed on hold by the parties." (Appellant's Addend. at 16.)

We agree with the district court's assessment that the Union presented no evidence to create a genuine issue of material fact concerning whether these 30 grievances were on hold and thus not barred by the statute of limitation. The Union merely asserts that all of the grievances were on hold. However, all of the 30

6

grievances at issue show final step-two or step-three dispositions that were not appealed. The Union's president, Earl Seymour, states in his deposition testimony that once a step-three disposition is provided, it must be appealed to the arbitration step within 30 days. His affidavit recites the grievance process, which includes the option of placing grievances on hold by agreement of the parties. However, there is no assertion that the parties actually agreed to hold the 30 grievances at issue and there is no evidence of a demand for arbitration. No markings on any of these grievances indicate that the parties agreed to place them on hold after the date when the grievances were finally denied. Absent some evidence to indicate that the parties agreed to process these 30 grievances by a procedure different from that articulated in the CBA, the court properly granted summary judgment because the cause of action was filed over 6 months beyond the last date when arbitration could have been requested. The district court did not engage in fact-finding, but properly assessed the record evidence before it.

The Union contends that the district court erred because the issue of whether the parties agreed to hold the grievances beyond the CBA's express procedural limitations is a matter of procedural arbitrability, reserved for the arbitrator. To the contrary, the district court did not decide whether the grievances themselves are time-barred under the terms of the agreement, which we agree is an issue of procedural arbitrability reserved for the arbitrator. See Wiley, 376 U.S. at 557-59; Auto., Petroleum & Allied Indus. Employees Union, Local No. 618 v. Town & Country Ford, Inc., 709 F.2d 509, 514 (8th Cir. 1983). Instead, the court determined when the cause of action for this petition to compel arbitration accrued. The determination was complicated in this case by the fact that the CBA specifically allowed the parties to create a procedure where they could agree to place a grievance on hold, suspending its viability, and the Union contends that all of the grievances were on hold pursuant to this alternate procedure.

7

Reference to the terms of the CBA and any potential agreements reached pursuant to those terms that might prolong the accrual of the cause of action was unavoidable because the record contains no clear demand for or refusal of arbitration from which to calculate the limitations period for this cause of action. The district court's discussion of the terms of the CBA, conducted in order to determine when this cause of action accrued, did not transform the statute of limitations inquiry into one of procedural arbitrability.

Our review of the record indicates that there is no evidence to create a question of fact concerning whether the parties agreed to place the 30 grievances at issue on hold. From the face of the grievances, the last date when arbitration could have been timely requested is beyond the 6-month statutory limitations period. Accordingly, the district court properly granted partial summary judgment in favor of Pirelli.

**III.**

For the foregoing reasons, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

8