170 F.3d 407
 160 L.R.R.M. (BNA) 2701, 137 Lab.Cas. P 10,380
 LOCAL 1422, INTERNATIONAL LONGSHOREMEN'S ASSOCIATION;
International Longshoreman Association; AFL-CIO,
Plaintiffs-Appellants,
v.
SOUTH CAROLINA STEVEDORES ASSOCIATION; Stevens Shipping &
Terminal Company; Universal Maritime Service
Corporation, Defendants-Appellees,
and
South Atlantic Employers Negotiating Committee, Defendant.
 No. 98-1296.
 United States Court of Appeals,
Fourth Circuit.
 Argued Jan. 28, 1999.
Decided March 9, 1999.
 
 ARGUED: Armand Georges Derfner, Charleston, South Carolina, for Appellants. Charles Archibald Edwards, Raleigh, North Carolina, for Appellees. ON BRIEF: M. Todd Sullivan, Raleigh, North Carolina, for Appellees.
 Before WILKINS, MOTZ, and KING, Circuit Judges.
 Reversed and remanded by published opinion. Judge MOTZ wrote the opinion, in which Judge WILKINS and Judge KING joined.
 OPINION
 DIANA GRIBBON MOTZ, Circuit Judge:
 
 
 1
 This appeal involves the proper resolution of certain timeliness questions in the arbitration context. The district court correctly found that it had jurisdiction to decide the timeliness of an action to compel arbitration under § 301 of the National Labor Relations Act. The court erred, however, in holding that the timeliness of such an action depends upon when the underlying dispute arose. Accordingly, we must reverse.
 
 I.
 
 2
 Local 1422 of the International Longshoremen's Association brought this action against several employers, including the South Carolina Stevedores Association (SCSA), Stevens Shipping & Terminal Co. and Universal Maritime Service Corp. (collectively, the employers). The union sought an order to compel arbitration of a grievance it had filed on behalf of one of its members, Caesar Wright. See 29 U.S.C.A. § 185 (1998).
 
 
 3
 There is no dispute as to the background facts. Local 1422 constitutes the exclusive bargaining unit for longshoremen in the Port of Charleston. SCSA, a trade association, acts as the collective bargaining representative for its members, including Stevens and Universal. Local 1422 operates a "hiring hall" through which it funnels work to the stevedoring companies associated with SCSA on a day-to-day basis. The collective bargaining agreement that governs relations between Local 1422, SCSA, and the stevedoring companies contains an arbitration clause. The parties agree that, in accordance with that clause, the dispute underlying the present action is arbitrable.
 
 
 4
 In February 1992, Caesar Wright, a member of Local 1422, severely injured himself while working for defendant Stevens. Wright sought disability compensation for these injuries under the Longshore and Harbor Workers' Compensation Act. 33 U.S.C.A. § 901 et seq. (1986 & Supp.1998). In the course of that action, Wright presented himself as totally and permanently disabled; he ultimately received a settlement in the amount of $250,000, plus attorneys fees.
 
 
 5
 On January 2, 1995, Wright appeared at the Local 1422 hiring hall seeking re-employment. Wright worked from January 2-11, 1995 for several employers, including defendants Stevens and Universal; he apparently performed his job adequately during this time. The employers then learned of Wright's past injury, disability claim, and settlement. They notified the union that, under their interpretation of the collective bargaining agreement, Wright's disability claim and settlement made him ineligible to work. The employers refused to hire Wright thereafter. In response, the union sent a letter to the employers rebutting the employers' interpretation of the collective bargaining agreement, but neither Wright nor the union ever filed a formal grievance on the matter. Instead, following the advice of the union, Wright pursued an independent suit against the employers under the Americans with Disabilities Act (ADA). See Wright v. Universal Maritime Serv. Corp., 1996 WL 942484 (D.S.C. Sept. 27, 1996) (granting summary judgment to defendants because court lacked jurisdiction to hear claim; arbitration was proper forum), aff'd, 121 F.3d 702, 1997 WL 422869 (4th Cir.1997); vacated and remanded, --- U.S. ----, 119 S.Ct. 391, 142 L.Ed.2d 361 (1998) (holding that general arbitration clause did not preclude Wright from bringing ADA claim as an alternative to arbitration).
 
 
 6
 Meanwhile, on July 8, 1996, Wright again presented himself to Stevens and Universal seeking employment; the employers again rejected him.[1] This time the union promptly (on July 22, 1996) filed a formal grievance with the employers, alleging that their actions violated the collective bargaining agreement. On August 11, 1997, having been unable to resolve the dispute through the committee process,the union demanded arbitration of the matter. On August 21, 1997, the employers refused, asserting that "the 'grievance' was untimely," and just "an attempted reincarnation of Mr. Wright's claim" from January 1995 that had never been grieved. On September 22, 1997, the union filed this action to compel arbitration.
 
 
 7
 The district court granted summary judgment to the employers. The court found that a six-month statute of limitations governed actions to compel arbitration and held that the union's action to compel was untimely because the "genesis" of the dispute arose in 1995, at which time neither the union nor Wright filed a grievance or lodged any demand for arbitration.
 
 II.
 
 8
 The proper application of two legal principles guides resolution of this lawsuit. The district court accurately stated both principles.
 
 
 9
 First, the court correctly determined that a court, rather than an arbitrator, has jurisdiction to decide whether the relevant statute of limitations bars an action to compel arbitration under § 301 of the NLRA. See United Rubber, Cork, Linoleum, and Plastic Workers v.Pirelli Armstrong Tire Corp., 104 F.3d 181, 183 (8th Cir.1997); National Iranian Oil Co. v. Mapco Int'l, Inc., 983 F.2d 485, 491 (3d Cir.1992) ("If a district court has the power to hear a claim, it does not also need an explicit statutory basis to determine the timeliness of that claim.").
 
 
 10
 Second, the court correctly recognized that an arbitrator, rather than a court, determines whether a demand for arbitration is timely. See Glass v. Kidder Peabody & Co., Inc., 114 F.3d 446, 455-56 (4th Cir.1997); County of Durham v. Richards & Assoc., Inc., 742 F.2d 811, 815 (4th Cir.1984); In re Mercury Constr. Corp., 656 F.2d 933, 942 (4th Cir.1981); see also United Rubber, 104 F.3d at 183; Mapco, 983 F.2d at 491.
 
 
 11
 We believe the district court faltered, however, in its application of these principles to the facts of the case at hand. The union in this case sought arbitration on August 11, 1997; the employers refused that demand on August 21, 1997. Only a month later, on September 22, 1997, the union brought this action to compel arbitration. Yet the district court held the action to compel untimely. It reasoned that the cause of action to compel arbitration had accrued in 1995 when the "genesis of the dispute arose" and, applying a six-month statute of limitations, concluded that this action was now time-barred. This rationale provides no basis for holding the present action to compel arbitration untimely.
 
 
 12
 If a party has made an explicit demand for arbitration, as the union did here, and the opposing party has refused that demand, as the employers did, a court has no license to examine whether the demand itself was timely made. See Glass, 114 F.3d at 455-56; Mapco, 983 F.2d at 491. Rather, when the record reveals--as it does here--that one party has expressly demanded and the other expressly refused to arbitrate a grievance that is covered by an arbitration clause, a court may not look beyond these facts to determine when the cause of action to compel arbitration accrued. In such circumstances, a cause of action to compel arbitration accrues, and the limitations period begins, with the refusal to arbitrate. See Associated Brick Mason Contractors v. Harrington, 820 F.2d 31, 36, 38 (2d Cir.1987) (noting that the right to compel arbitration "of course does not arise until a party breaches the arbitration agreement by refusing to arbitrate" and determining that the cause of action accrued when union rejected a written demand for arbitration) (internal quotations omitted); Niro v. Fearn Int'l Inc., 827 F.2d 173, 175-78 (7th Cir.1987) (action to compel arbitration filed one week after the arbitration demand had been rejected was timely, notwithstanding fact that the underlying dispute occurred a year earlier and no grievance was filed over it at that time).
 
 
 13
 Only if the timing of a refusal to arbitrate is uncertain may a court review the underlying grievance to determine when the cause of action to compel arbitration arose. See United Rubber, 104 F.3d at 185 (court justified in reviewing collective bargaining agreement "because the record contain[ed] no clear demand for or refusal of arbitration from which to calculate the limitations period for this cause of action.") (emphasis added). In the case at hand, there was no uncertainty as to when Local 1422 demanded arbitration or when the employers refused to arbitrate: arbitration was demanded on August 11, 1997 and refused ten days later on August 21, 1997. Thus, this action to compel, filed on September 22, 1997, just a month after the employers refused to arbitrate, is timely regardless of which of the available statutes of limitations govern this case.[2]
 
 
 14
 We note that this does not mean that the employers must forfeit the defenses that they claim justify their refusal to arbitrate. Our decision simply means that such defenses, for example that the dispute that the union seeks to arbitrate assertedly concerns a 1995 event for which the grievance procedure had been abandoned, present questions for the arbitrator, not for the courts. See Glass, 114 F.3d at 455. Indeed, because the question of the timeliness of a grievance is one for the arbitrator alone, see Schweizer Aircraft Corp. v. Local 1752, 29 F.3d 83, 87 (2d Cir.1994); Niro, 827 F.2d at 177-78, when a dispute is arbitrable, no matter how frivolous or untimely a court believes that grievance or demand for arbitration to be, it must compel arbitration of it. See United Steelworkers v. American Mfg. Co., 363 U.S. 564, 567-69, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960) (lower court had found that failure-to-hire dispute that arose when an employee collected workers compensation for an injury and then one month later attempted to regain employment was too frivolous to be arbitrable; Supreme Court reversed, noting that courts are to review the claim for arbitrability "on its face" rather than to determine the merits of a dispute); see also Retail Delivery Drivers v. Servomation Corp., 717 F.2d 475, 477-78 (9th Cir.1983); Conticommodity Serv. Inc. v. Philipp & Lion, 613 F.2d 1222, 1224-26 (2d Cir.1980); Tobacco Workers Int'l v. Lorillard Corp., 448 F.2d 949, 953-54 & n. 10 (4th Cir.1971).
 
 III.
 
 15
 Because this action to compel was timely and because, as the parties agree, the underlying claim was arbitrable, the district court should have ordered arbitration of the grievance. See General Drivers v. Ethyl Corp., 68 F.3d 80, 83 (4th Cir.1995) ("Even claims that courts might deem without merit are entitled to arbitration if the parties agreed in their contract that such issues were arbitrable.").
 
 
 16
 An arbitrator, not a court, must resolve the issues involved in this case that may provide a defense to the employers. We express no opinion as to them. We simply reverse the order of the district court and remand with instructions to order arbitration of the dispute.
 
 REVERSED AND REMANDED
 
 
 [1]
 Wright alleges that each employer initially hired him and then fired him an hour later. The employers assert that they denied Wright employment, rather than discharging him after having hired him for the day. For purposes of this appeal, the distinction does not matter; the details of the underlying dispute and grievance are issues for the arbitrator rather than for a court
 
 
 [2]
 Section 301 of the NLRA does not contain a statute of limitations and this court has not adopted a statute of limitations for use in actions to compel arbitration under that provision. The employers advocate adopting the six-month statute of limitations found in § 10(b) of the NLRA; Local 1422 argues that the three-year South Carolina statute of limitations for contract actions applies. Because Local 1422 filed its complaint one month after the employers rejected its arbitration demand, the action would not be barred under either statute of limitations. We therefore need not reach the question of which limitations period applies in this circumstance