157 F.Supp.2d 1081 (2001)
TEAMSTERS LOCAL UNION NO. 688, Plaintiff,
v.
UNISOURCE WORLDWIDE, INC., Defendant.
No. 4:00CV851-DJS.
United States District Court, E.D. Missouri, Eastern Division.
August 2, 2001.
*1082 Brian A. Spector, Spector and Wolfe, L.L.C., Kirkwood, MO, for Plaintiff.
James N. Foster, Jr., Geoffrey M. Gilbert, Robert D. Younger, McMahon, Berger, Hanna, Linihan, Cody & McCarthy, St. Louis, MO, for Defendant.

ORDER
Plaintiff local labor union brings the instant action seeking to compel defendant employer to arbitrate a grievance concerning the discharge of a union member employee, Al Potts. The termination was for Potts' asserted violation of a substance abuse policy based on the results of a blood alcohol test. Plaintiff asserts that the employer's refusal to arbitrate violates the applicable collective bargaining agreement ("CBA"). The Court has subject matter jurisdiction pursuant to 9 U.S.C. § 4 and 29 U.S.C. § 185(a). The matter is before the Court on cross-motions for summary judgment.
A threshold issue concerning the statute of limitations is raised by defendant. The parties agree that the applicable statute of limitations is six months. See, e.g., United Rubber, Cork, Linoleum and Plastic Workers of America, AFL-CIO, CLU Local 164 v. Pirelli Armstrong Tire Corporation, 104 F.3d 181, 183 (8th Cir.1997). The parties disagree as to when, on the facts presented, the statute of limitations began to run in this case. In United Rubber, the Eighth Circuit noted that "[a] cause of action to compel arbitration `accrues when the grievance procedure is exhausted or otherwise breaks down to the employee's disadvantage[.]'" Id. at 184, quoting Cook v. Columbian Chem. Co., 997 F.2d 1239, 1241 (8th Cir. 1993). Citing Fifth and Sixth Circuit opinions, the Honorable Stephen N. Limbaugh of this Court has indicated that "[a] cause of action to compel arbitration under a collective bargaining agreement accrues when one party clearly articulates its refusal to arbitrate the dispute." United *1083 Food and Commercial Workers Union Local No. 88, AFL-CIO, CLC v. Middendorf Meat Co., 794 F.Supp. 328, 332 (E.D.Mo. 1992), aff'd, 991 F.2d 801 (8th Cir.1993).
Defendant contends that the statute of limitations began to run immediately upon defendant's first assertion of its view that the termination under the substance abuse policy was not subject to arbitration. Defendant contends it made this assertion as of the date of the termination, November 17, 1999, or at the latest in its November 22 rejection of Potts' initial grievance of the termination. If either of those dates begins the running of the statute of limitations, the filing of the instant complaint on May 23, 2000 was untimely. Plaintiff contends instead that the statute of limitations commenced on December 13, 1999, the date of the letter in which defendant formally rejected the union's request to arbitrate Potts' termination.
The Court concludes that the better interpretation of the principles of United Rubber and United Food yields the conclusion that the complaint was timely filed. Although defendant's position appears to be a literal application of Judge Limbaugh's statement in United Food, such an application would permit a party to trigger the statute of limitations before the arbitration stage is reached in the CBA-prescribed dispute process. Because Potts and the union were entitled to and required to exhaust the prior steps in the process prescribed in Article XVIII of the CBA before seeking arbitration, the issue of arbitration was not ripe the first several times the employer stated its position on the matter. In other words, defendant could not unilaterally hasten the onset of the statute of limitations prior to the point in the applicable grievance process where arbitration is formally at issue. Until that point, the grievance procedure is not exhausted and cannot be said to have broken down within the meaning of the Eighth Circuit's United Rubber standard.
On this rationale, the Court rejects defendant's contention that the statute of limitations bars plaintiff's complaint. Given the Court's reasoning, the Court need not address plaintiff's alternative contention that the onset of the statute of limitations was further deferred when, in April 2000, defendant agreed to arbitrate and later reneged. The Court notes, however, that the dispute of fact concerning what occurred at that time would appear to preclude a summary judgment determination on the basis of the April events.
Turning to the merits, the issue before the Court is whether the permissibility of Potts' termination under the CBA is an issue subject to arbitration. Because the termination was for violation of the substance abuse policy, defendant invokes the language of Article XIX of the CBA:
Except as otherwise specifically provided in this Agreement, the management of the Company's business and the direction of the working forces, including, but not limited to the right hire [sic], suspend or discharge for proper cause, or to transfer, to promote or demote, the right to relieve employees from duty because of lack of work, or for other legitimate reasons, the right to administer drug tests and impose discipline, up to and including discharge in accordance with the agreed-upon Drug Policy not subject to review under arbitration, and the right to maintain order and efficiency is vested exclusively in the Company....
Emphasis added. The parties appear to be agreed that, pursuant to the highlighted language, a discharge in accordance with the substance abuse policy is not subject to arbitration. The law is clear that express agreement to exclude a particular type of grievance from arbitration is binding and *1084 enforceable: "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." Steelworkers v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960).
Nonetheless, plaintiff contends that: "Defendant did not issue Potts' discipline in accordance with the Substance Abuse Control Policy because `under the influence' of alcohol is an ambiguous term, whose interpretation must be decided by an Arbitrator, pursuant to Article XVIII of the agreement." Pltf. Memo. in Opp. [Doc. # 17-2], pp. 7-8 (emphasis in original). Plaintiff attempts to draw a distinction between a discharge "in accordance with" the policy and a discharge purported to be pursuant to the policy but as to which there exists a dispute concerning interpretation of the policy. It makes little sense, however, to construe Article XIX as creating an exception to arbitration for instances in which there is no dispute  in the absence of dispute, arbitration is not needed.
Plaintiff argues that defendant's construction of Article XIX would permit the employer to insulate any discharge from arbitration review by pretextually asserting that it is based on the substance abuse policy. That prospect is not presented here, where it is undisputed that Potts' termination was based on the positive results of a blood alcohol test: "the Plaintiff does not contend the Defendant's invocation of the Substance Abuse Control Policy for discharging Potts was a pretext." Pltf. Reply [Doc. # 14-3], pp. 3-4. Plaintiff's hypothetical is an example of a discharge which is not in fact "in accordance with" the substance abuse policy, whereas Potts' discharge clearly was based on the policy. The Eighth Circuit has previously observed this distinction and permitted arbitration where the cause for a discharge is disputed, and one proffered cause is arbitrable and the other not. See IBEW, Local No. 4 v. KTVI-TV, Inc., 985 F.2d 415, 416 (8th Cir.1993). This is not such a case. For these reasons, plaintiff's hypothetical and the desire to avoid it need not trouble the Court here.
Plaintiff's attempt to distinguish the instant case from the provision generally excepting substance abuse policy discipline from arbitration has been unsuccessful. The exclusion renders the presumption of arbitrability inapplicable, and the Court concludes that the propriety of Potts' discharge under the substance abuse policy is not subject to arbitration. Plaintiff's motion for summary judgment will therefore be denied, and defendant's cross-motion for summary judgment will be granted.
Accordingly,
IT IS HEREBY ORDERED that plaintiff's motion for summary judgment [Doc. # 14] is denied.
IT IS FURTHER ORDERED that defendant's cross-motion for summary judgment [Doc. # 17] is granted.