**ALUMINUM, BRICK AND GLASS-WORKERS INTERNATIONAL UNION LOCAL 674, Plaintiff–Appellant,**

v.

**A.P. GREEN REFRACTORIES, INC., Defendant–Appellee.**

No. 89–2374
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

March 8, 1990.

James L. Hicks, Jr., Yona Rozen, Hicks, Gillespie, James, Rozen & Preston, P.C., Dallas, Tex., for plaintiff-appellant.

John A. McDonald, Douglas A. Samuelson, Keck, Mahin & Cate, Chicago, Ill., for defendant-appellee.

Before GEE, DAVIS and JONES, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

The Aluminum, Brick and Glassworkers International Union Local 674 appeals the dismissal of its suit to compel arbitration against A.P. Green Refractories, Inc. We affirm.

### I.

The collective bargaining agreement between the Aluminum, Brick and Glassworkers International Union and A.P. Green Refractories requires arbitration of unsettled grievances. Accordingly, an arbitration session was begun on April 20, 1988, to resolve two grievances.

Green objected to presenting more than one grievance to the arbitrator at this session on grounds that it had agreed to arbitrate only one grievance. The dispute could not be resolved and the session was discontinued. The following day, the Union filed a new grievance, this time complaining of A.P. Green's refusal to arbitrate. The parties corresponded over the following few weeks but could not reach agreement.

On November 7, 1988, the Union brought suit to compel arbitration of the two grievances that Green refused to arbitrate on April 20, 1988, under authority of section 301 of the Labor Management Relations Act (29 U.S.C. § 185). Green moved to dismiss on grounds that the suit was filed more than six months after Green's refusal to arbitrate and was time barred. The district court granted Green's motion and dismissed the suit.

### II.

■ The Labor Management Relations Act sets no limitations period for claims brought under section 301. When federal law provides no statute of limitations, federal courts "borrow" a limitations period, usually from analogous state law, but from federal law when a federal rule provides a closer analogy and when the state period poorly serves the policies underlying the federal cause of action. *Reed v. United Transportation Union*, 488 U.S. 319, ——, 109 S.Ct. 621, 625, 102 L.Ed.2d 665, 674 (1989).

In *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), the Supreme Court applied a federal rather than a state limitations period to a "hybrid" section 301 claim.[1] The Court noted that the analogous state law periods poorly served federal labor policies underlying the "hybrid" cause of action. The court determined that the six-month limitations period for making claims of unfair labor practices contained in section 10(b) of the National Labor Relations Act appropriately balanced the federal interests underlying the "hybrid" claim. Hence, the Court held that the section 10(b) limitations period of six months applied to the "hybrid" section 301 cause of action.

■ The Union contends that the six-month period specified in *DelCostello* does not apply here because its claim is a "pure" section 301 action to compel arbitration rather than the "hybrid" claim discussed in that case. But six courts of appeals have rejected the identical argument. See *Communications Workers of America v. Western Elec. Co.*, 860 F.2d 1137 (1st Cir.1988); *Associated Brick Mason Workers v. Harrington*, 820 F.2d 31, 36–37 (2d Cir.1987); *McCreedy v. Local Union No. 971, UAW*, 809 F.2d 1232, 1237 (6th Cir.1987); *Int'l Ass'n of Machinists and Aerospace Workers, Local Lodge No. 1688 v. Allied Products Corp.*, 786 F.2d 1561, 1564 (11th Cir. 1986); *Teamsters Union Local 315 v. Great Western Chemical Co.*, 781 F.2d 764 (9th Cir.1986); *Fed. of Westinghouse Indep. Salaried Unions v. Westinghouse Elec. Corp.*, 736 F.2d 896, 901–02 (3d Cir. 1984). Each has followed the *DelCostello* analysis to the same conclusion: a suit to compel arbitration brought under section 301 of the Labor Management Relations

---

1. The "hybrid" action combines a claim against a union for breach of the duty of fair representation with a claim against the employer for breach of the collective bargaining agreement.

Act is governed by the six-month limitations period provided for in section 10(b) of the National Labor Relations Act.[2] We agree.

The most analogous state law limitations period—the four-year residual limitations period of Texas law—disserves the federal interest in "the relatively rapid final resolution of labor disputes." *DelCostello*, 462 U.S. at 168, 103 S.Ct. at 2292, 76 L.Ed.2d at 491. By contrast, the six-month period defined in section 10(b) of the NLRA promotes the "federal interests in stable bargaining relationships and in private dispute resolution." *Reed*, 488 U.S. at ——, 109 S.Ct. at 630, 102 L.Ed.2d at 680. Obviously, the section 301 action to compel arbitration involves the same interests. Thus, we reject the ill-suited state law period in favor of the more closely tailored period found in an analogous federal labor statute.

The Union also argues that our decision in *International Union of Electrical, Radio and Machine Workers v. Ingram Mfg. Co.*, 715 F.2d 886 (5th Cir.1983), in which we applied the state statute of limitations to a suit to enforce an arbitration award, requires us to apply the state limitations period to this suit to compel arbitration. The Second Circuit has rejected the identical argument. *Assoc. Brick Mason Contractors v. Harrington*, 820 F.2d 31, 37 (2d Cir.1987).

The *Harrington* court concluded that it is consistent to apply the state limitations to enforcement proceedings while applying the federal six-month period to actions to compel arbitration. The court reasoned that because no uncertainty regarding the parties' rights remains at the enforcement stage of the labor arbitration process, the relatively long periods prescribed by state statutes are appropriate. When arbitration has not yet occurred, however, rights remain unsettled, and therefore the shorter six-month period is appropriate for a suit to compel arbitration. We agree with the Second Circuit's reasoning, and therefore conclude that applying the federal six-month

period to suits to compel arbitration of collective bargaining agreements is not inconsistent with *Ingram*.

For these reasons, we hold, as have so many of our sister circuits, that an action to compel arbitration of a collective bargaining agreement under section 301 of the Labor Management Relations Act is governed by the six-month limitation included in section 10(b) of the National Labor Relations Act.

### III.

◼ Having decided that the Union had six months within which to bring its suit to compel arbitration, we must determine whether the district court correctly dismissed this suit as time barred. The parties agree that the cause of action to compel arbitration under a collective bargaining agreement accrues when one party clearly refuses to arbitrate the dispute. See *Communications Workers of America v. Western Elec. Co.*, 860 F.2d 1137, 1144–45 (1st Cir.1988); *Niro v. Fearn Intern., Inc.*, 827 F.2d 173, 177–78 (7th Cir. 1987); *McCreedy v. Local Union No. 971, UAW*, 809 F.2d 1232, 1237 (6th Cir.1987); *Fed. of Westinghouse Ind. Salaried Unions v. Westinghouse Elec. Corp.*, 736 F.2d 896, 902 (3rd Cir.1984).

The Union alleged that on April 20, 1988 —the day the arbitration hearing was scheduled—Green refused to arbitrate. The suit was filed on November 7, 1988, more than six months from the April 20th date. Based on the allegations of Union's petition, the claim is time barred.

The Union, in its memo in opposition to Green's motion, referred to an additional grievance it filed on April 21st, which the Union refused to arbitrate on May 10th or 12th. But these facts were not included in the petition, and the union in its memorandum did not ask to amend the petition to include these new facts. Cf. *Vernell v. U.S. Postal Service*, 819 F.2d 108, 110 (5th

---

**2.** But see *Niro v. Fearn Intern., Inc.*, 827 F.2d 173, 177 (7th Cir.1987), where the court in dicta questioned whether the section 10(b) limitations period should apply to any 301 action but the hybrid suit.

Cir.1987). Moreover, although more than 90 days elapsed between the date Green moved to dismiss and the court's ruling on that motion, the Union never sought to amend its petition to plead these facts. Indeed, the Union does not ask us to consider its memorandum as an amendment to the petition. We therefore decline to consider the facts the Union included in its memorandum.

Because the district court correctly dismissed Union's petition, its judgment is affirmed.[3]

AFFIRMED.

**3.** We do not believe this appeal was frivolous, and we therefore deny A.P. Green's request for Fed.R.App.P. 38 sanctions against the Union.