794 F.Supp. 328 (1992)
UNITED FOOD AND COMMERCIAL WORKERS UNION LOCAL NO. 88, AFL-CIO, CLC, Plaintiff,
v.
MIDDENDORF MEAT CO., Defendant.
No. 4:92CV000715 SNL.
United States District Court, E.D. Missouri, E.D.
July 22, 1992.
*329 Donald Kenneth Anderson, Jr., Timothy A. McGuire, Becker and Dufour, St. Louis, Mo., for plaintiff.
Daniel K. O'Toole, Mark J. Rubinelli, Lashly and Baer, St. Louis, Mo., for defendant.

MEMORANDUM
LIMBAUGH, District Judge.
Plaintiff Union has brought suit alleging that defendant has breached the collective bargaining agreement between the parties by refusing to arbitrate the grievances filed by two union members. The plaintiff seeks an order from the Court compelling the defendant to submit to arbitration. Defendant has filed a motion for summary judgment averring that plaintiff's suit is untimely because it was filed more than six (6) months after the defendant's final refusal to arbitrate the grievances in question. Responsive pleadings have been filed.
Courts have repeatedly recognized that summary judgment is a harsh remedy that should be granted only when the moving party has established his right *330 to judgment with such clarity as not to give rise to controversy. New England Mut. Life Ins. Co. v. Null, 554 F.2d 896, 901 (8th Cir.1977). Summary judgment motions, however, "can be a tool of great utility in removing factually insubstantial cases from crowded dockets, freeing courts' trial time for those that really do raise genuine issues of material fact." Mt. Pleasant v. Associated Elec. Coop. Inc., 838 F.2d 268, 273 (8th Cir.1988).
Pursuant to Fed.R.Civ.P. 56(c), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law." Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464, 467, 82 S.Ct. 486, 488, 7 L.Ed.2d 458 (1962). The burden is on the moving party. Mt. Pleasant, 838 F.2d at 273. After the moving party discharges this burden, the nonmoving party must do more than show that there is some doubt as to the facts. Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S.Ct. 1348, 1355-56, 89 L.Ed.2d 538 (1986). Instead, the nonmoving party bears the burden of setting forth specific facts showing that there is sufficient evidence in its favor to allow a jury to return a verdict for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 2510-11, 91 L.Ed.2d 202 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).
In passing on a motion for summary judgment, the court must review the facts in a light most favorable to the party opposing the motion and give that party the benefit of any inferences that logically can be drawn from those facts. Buller v. Buechler, 706 F.2d 844, 846 (8th Cir.1983). The court is required to resolve all conflicts of evidence in favor of the nonmoving party. Robert Johnson Grain Co. v. Chem. Interchange Co., 541 F.2d 207, 210 (8th Cir. 1976). With these principles in mind, the Court turns to an examination of the facts.
During the relevant time period, the parties were (and still are) parties to a collective bargaining agreement which covers the wages, hours, and other terms and conditions of employment regarding the employee-members of the plaintiff Union. The collective bargaining agreement provides for the process of grievances filed by the plaintiff Union on behalf of its members.
On March 5, 1990 two Union employees, Joseph Cillo and Anthony Russo, were terminated from their employment by defendant Middendorf. On March 6, 1990 plaintiff Union filed grievances on behalf of Cillo and Russo. The grievances were rejected by the defendant; consequently plaintiff Union sought to take the matter to arbitration. The defendant consistently refused requests by the Union to arbitrate the grievances because such requests were considered to be untimely.
On January 7, 1991 counsel for the defendant wrote counsel for the plaintiff Union and unequivocably stated that the defendant Middendorf had absolutely no intention of arbitrating the grievances because the Union had filed its initial request for arbitration too late under the terms of the collective bargaining agreement. On January 15, 1991 the Union filed charges with the National Labor Relations Board (NLRB) asserting that the defendant had breached the terms of the collective bargaining agreement by refusing to arbitrate the grievances. In its' charge, the Union references the date of January 7, 1991 as the defendant's final refusal to arbitrate. The NLRB refused to issue a complaint on the Union's charge because it found that the Union's charge was untimely because it was filed more than six (6) months after the defendant first informed the Union that it would not arbitrate these claims. The NLRB applied the six (6) month statute of limitations set forth under Section 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b) (1988). The Union's appeal was also denied for the same reason.
On April 15, 1992 plaintiff Union filed this cause of action against defendant Middendorf for breach of contract by failing to arbitrate Cillo and Russo's grievances under the collective bargaining agreement. *331 The plaintiff Union seeks a court order compelling the defendant to arbitrate the grievances in question.
Defendant argues that courts in other jurisdictions have consistently applied the six (6) months statute of limitations under Section 10(b) of the National Labor Relations Act (NLRA) to actions seeking to compel arbitration under a collective bargaining agreement. The plaintiff Union argues that this is a case of first impression in the Eighth Circuit and that it believes that Missouri's five (5) years statute of limitations for contract actions, § 516.120 RSMo., is applicable to the present situation.
The Labor Management Relations Act (LRMA) does not contain a statute of limitations. Thus, the issue before this Court is what is the appropriate statute of limitations for a § 301 action to compel arbitration under the terms of a collective bargaining agreement? A review of the relevant caselaw appears to indicate that this is a case of first impression in the Eighth Circuit.
When federal law fails to specifically provide a limitations period, the federal courts usually "borrow" the statute of limitations under state law that is most closely analogous to the dispute. Reed v. United Transportation Union, 488 U.S. 319, 323, 109 S.Ct. 621, 624-25, 102 L.Ed.2d 665 (1989); Local 2, IBEW v. Anderson Underground Const., Inc., 907 F.2d 74, 75 (8th Cir.1990). However, there is an important caveat to this general borrowing rule: that state statutes of limitations are to be used unless they frustrate or significantly interfere with federal policies. Reed, 488 U.S. at 327, 109 S.Ct. at 627.
The Supreme Court has rendered two important decisions regarding the appropriate statute of limitations for § 301 actions. In U.A.W. v. Hoosier Cardinal Corp., 383 U.S. 696, 704-05, 86 S.Ct. 1107, 1112-13, 16 L.Ed.2d 192 (1966), the union filed suit against the employer for payment of unused vacation time for employees fired nearly seven years earlier. The Court viewed the dispute as a simple breach of contract action under § 301 and looked to state law for the appropriate limitations period. It chose to apply Indiana's six-year statute of limitations for breach of contract actions. Hoosier Cardinal, 383 U.S. at 707, 86 S.Ct. at 1114. The Court reasoned that the six-year statute of limitations was short enough to comport with a goal of federal labor law. i.e. the quick disposal of labor disputes. Id., at 707, 86 S.Ct. at 1114.
The other pivotal decision was in DelCostello v. Teamsters, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). In DelCostello, the Supreme Court determined that the most appropriate statute of limitations in "hybrid" § 301 suits was the six-month limitations period provided in Section 10(b) of the NLRA. The Court first distinguished Hoosier Cardinal by noting that in that case there was no involvement of or challenge to the private settlement of disputes under a collective bargaining agreement. The Court went on to reason that the hybrid causes of action in DelCostello implicated national interests in the finality of settlements of grievances pursuant to a collective bargaining agreement and in a stable bargaining relationship. DelCostello, 462 U.S. at 171, 103 S.Ct. at 2294. The Court found that Section 10(b) of the NLRA was designed to accommodate these interests and balance them with the employees' interest in avoiding unfair settlements under the collective bargaining agreement. Id., at 171, 103 S.Ct. at 2294.
The majority of jurisdictions which have considered what the appropriate statute of limitations is for § 301 actions to compel arbitration have chosen to apply the DelCostello analysis and have concluded that the six-months limitations period under § 10(b) of the NLRA governs. Local 100A v. John Hofmeister and Son, Inc., 950 F.2d 1340, 1346-48 (7th Cir.1991); Local 674 v. A.P. Green Refractories, Inc., 895 F.2d 1053 (5th Cir.1990); Communications Workers of America v. Western Elec. Co., 860 F.2d 1137 (1st Cir.1988); Int'l Assoc. of Machinists & Aerospace Workers, Local Lodge No. 1688 v. Allied Products Corp., 786 F.2d 1561 (11th Cir.1986). These courts found that an action to compel arbitration *332 under a collective bargaining agreement involving an alleged wrongful discharge involves the same interests contemplated by the Supreme Court in DelCostello. Furthermore, "[w]hen arbitration has not yet occurred, however, rights remain unsettled, and therefore the shorter six-month period is appropriate for a suit to compel arbitration." A.P. Green Refractories, at 1055.
In January 1991 an action to compel arbitration under § 301 of the LMRA was tried before this Court. Construction, Building Materials, etc v. Ed Jefferson Contracting, 768 F.Supp. 691 (E.D.Mo.1991). One of the issues raised was the timeliness of the filing of the suit. This Court summarily applied the limitations period of § 10(b) of the NLRA with no comment. Based upon this Court's past action and the well-founded reasoning of the majority of other jurisdictions addressing this issue, this Court conclusively determines that the six-month limitations period of § 10(b) of the NLRA is appropriate in suits to compel arbitration under a collective bargaining agreement.
Under the facts of this case, it is clear that defendant Middendorf clearly and unequivocably communicated its final refusal to arbitrate in its letter of January 7, 1991. A cause of action to compel arbitration under a collective bargaining agreement accrues when one party clearly articulates its refusal to arbitrate the dispute. A.P. Green Refractories, at 1055; Western Electric, at 1144-45; McCreedy v. Local Union No. 971, UAW, 809 F.2d 1232, 1237 (6th Cir.1987).
In order for the plaintiff Union to have filed its lawsuit within the six months limitation period, the Union's cause of action would have had to arise after October 15, 1991. Unfortunately, for the Union, its cause of action arose before October 15, 1991. The Union's claim is time-barred.
The plaintiff Union has failed to set forth any affirmative evidence or specific facts to show a genuine issue of material fact exists as to the application of the six months limitation period under § 10(b) of the NLRA to a § 301 action to compel arbitration under a collective bargaining agreement. Since the Union's complaint was filed more than six months after its cause of action arose, the complaint is time-barred and summary judgment will be granted for the defendant.