991 F.2d 801
 142 L.R.R.M. (BNA) 2963
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
LOCAL NO. 88 UNITED FOOD AND COMMERCIAL WORKERS UNION,
AFL-CIO, CLC, Appellant,
v.
MIDDENDORF MEAT COMPANY, a Missouri Corporation, Appellee.
 No. 92-2955.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: February 2, 1993.
Filed: April 5, 1993.
 
 Before FAGG, BEAM, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 United Food and Commercial Workers Union Local No. 88, AFL-CIO (Union) appeals from the district court's[1] grant of summary judgment for defendant Middendorf Meat Company in the Union's action to compel arbitration under section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185. We affirm.
 
 
 2
 The Union and Middendorf are parties to a collective bargaining agreement covering terms and conditions of employment for the employee-members of the Union. On March 5, 1990, two Union employees were terminated by Middendorf, and the Union filed grievances on their behalf. After negotiations collapsed, the Union requested that the matters be taken to arbitration. On January 7, 1991, Middendorf refused the requests contending that, under the collective bargaining agreement, they were untimely.
 
 
 3
 On April 15, 1992, more than fifteen months after Middendorf last refused to arbitrate, the Union filed this complaint to compel arbitration, alleging that Middendorf breached the collective bargaining agreement by discharging both Union members without cause and by refusing to arbitrate the grievances. In its motion for summary judgment, Middendorf contended that the complaint was time-barred because it was not filed within the six-month statute of limitations contained in section 10(b) of the National Labor Relations Act (NLRA), 29 U.S.C. § 160(b), pertaining to unfair labor practices actions. The Union replied that the action was governed by the five-year statute of limitations for actions upon contracts contained in Mo. Rev. Stat. § 516.120(1) (1986). Following the lead of the circuit courts that had considered the question, the district court granted Middendorf summary judgment, determining that the Union's action was time-barred. United Food & Commercial Workers Union Local 88 v. Middendorf Meat Co., 794 F. Supp. 328, 332 (E.D. Mo. 1992).
 
 
 4
 Section 301 extends federal jurisdiction to "[s]uits for violation of contracts between an employer and a labor organization." 29 U.S.C. § 185(a). It does not, however, establish a limitations period within which such actions must be brought. Courts must, therefore, borrow the most suitable statute of limitations. DelCostello v. International Bhd. of Teamsters, 462 U.S. 151, 158 (1983). The Supreme Court has ruled that the six-month statute of limitations in section 10(b) applies to hybrid section 301 actions in which an employee alleges that his employer breached a provision of a collective bargaining agreement and a union breached its duty of fair representation by mishandling the grievance and/or arbitration proceedings. Id. at 154, 169-71. The Court stated that the hybrid suit has no close analogy in state law. Id. at 169. The Court determined that, while resort to state law remains the norm for borrowing statutes of limitations for federal actions without limitations periods, courts should apply the appropriate federal law where federal law provides a closer analogy and when federal policies and practicalities of litigation make the federal rule significantly more appropriate. Id. at 171-72. This court has followed DelCostello in a hybrid section 301 action. Livingstone v. Schnuck Market, Inc., 950 F.2d 579, 581 (8th Cir. 1991).
 
 
 5
 The district court correctly applied the six-month statute of limitations of section 10(b) of the NLRA to the Union's section 301 action to compel arbitration. See United Food & Commercial Workers Local 100A v. John Hofmeister & Son, Inc., 950 F.2d 1340, 1347-48 (7th Cir. 1991); Aluminum, Brick & Glassworkers Int'l Union Local 674 v. A.P. Green Refractories, Inc., 895 F.2d 1053, 1055 (5th Cir. 1990); Communications Workers v. Western Elec. Co., 860 F.2d 1137, 1145 (1st Cir. 1988); Associated Brick Mason Contractors, Inc. v. Harrington, 820 F.2d 31, 37 (2d Cir. 1987); McCreedy v. Local Union 971, UAW, 809 F.2d 1232, 1239 (6th Cir. 1987); International Ass'n of Machinists & Aerospace Workers Local 1688 v. Allied Prod. Corp., 786 F.2d 1561, 1564 (11th Cir. 1986); Teamsters Union Local 315 v. Great W. Chem. Co., 781 F.2d 764, 769 (9th Cir. 1986); Federation of Westinghouse Indep. Salaried Unions v. Westinghouse Elec. Corp., 736 F.2d 896, 901-02 (3d Cir. 1984).
 
 
 6
 We reject the application of Missouri's five-year statute of limitations to this action because it tends to frustrate the important federal policy favoring the rapid resolution of industrial disputes. See, e.g., United Food & Commercial Workers, 950 F.2d at 1347-48 (rejecting the Illinois five-year limitations period); Aluminum, Brick & Glassworkers, 895 F.2d at 1055 (rejecting the Texas four-year limitations period); Communications Workers, 860 F.2d at 1140-42 (rejecting the Massachusetts six-year limitations period); Associated Brick Mason Contractors, 820 F.2d at 37 (rejecting the New York six-year limitations period); McCreedy, 809 F.2d at 1233, 1237 (rejecting the Ohio six-year limitations period); International Ass'n of Machinists & Aerospace Workers, 786 F.2d at 1564 (rejecting the Alabama six-year limitations period); Teamsters Union Local 315, 781 F.2d at 765, 769 (reversing application of California's four-year limitations period); Federation of Westinghouse Indep. Salaried Unions, 736 F.2d at 901 (reversing application of Pennsylvania's six-year limitations period).
 
 
 7
 We agree with other circuits that have stressed the need for uniform limitations periods to be applied in this area of the law. See, e.g., United Food & Commercial Workers, 950 F.2d at 1348; Communications Workers, 860 F.2d at 1144; McCreedy, 809 F.2d at 1237. We note that every circuit that has been called upon to choose between a statute of limitations similar in length to the Missouri statute and the six-month period contained in section 10(b) has chosen the six-month period. We do so as well.
 
 
 8
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Stephen N. Limbaugh, United States District Court for the Eastern and Western Districts of Missouri