# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3669

_____

| | | |
|---|---|---|
| Donald Bass; Amalgamated Transit Workers Union, Local 1356, | * | |
| | * | |
| | * | |
| Appellees, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of South Dakota. |
| City of Sioux Falls, a Municipality Chartered under the Constitution of the State of South Dakota; Ryder/ATE, Inc., a Delaware corporation, | * | |
| | * | |
| | * | |
| | * | |
| | * | |
| Defendants, | * | |
| | * | |
| SuTran, Inc., a South Dakota corporation, | * | |
| | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: June 17, 1999
Filed: August 10, 1999

_____

Before MURPHY and MAGILL, Circuit Judges, and REASONER,[*] District Judge.

_____

MAGILL, Circuit Judge.

---

[*]The Honorable Stephen M. Reasoner, United States District Judge for the Eastern District of Arkansas, sitting by designation.

SuTran, Inc. appeals the district court's grant of summary judgment in favor of Donald Bass and the Amalgamated Transit Workers Union, Local 1356 (Union), requiring it to arbitrate Bass's grievance concerning his discharge from employment. We reverse and remand.

## I.

Since December 1992, the City of Sioux Falls, South Dakota has contracted with two different companies to operate and manage its transit system. Transit Management of Sioux Falls, Inc., a wholly owned subsidiary of Ryder/ATE, Inc., managed and operated the transit system until March 1, 1996, when SuTran took over the transit system's management and operation. The Union has been the designated collective bargaining representative for the transit system's operating and maintenance employees, including Bass, at all relevant times.

In November 1995, just three months before the end of its contract with the City, Ryder/ATE discharged Bass from employment. In accordance with the procedures set forth in the Union's collective bargaining agreement with Ryder/ATE, Bass filed a grievance challenging his discharge. Ryder/ATE denied the grievance and, on December 20, 1995, the Union's president, Chester Thompson, requested arbitration. Ryder/ATE, knowing that SuTran was going to be taking over the transit system's operation and management, never took any action on the Union's request for arbitration.

During a meeting on February 29, 1996, the day before SuTran took control of the transit system, SuTran's representative, Bruce Abel, suggested to the Union that SuTran would consider arbitrating Bass's grievance when it took control. Notwithstanding Abel's representations during that meeting, Bass's grievance has yet to be arbitrated.

After waiting more than ten months for SuTran to formally acquiesce to the arbitration request, Bass and the Union filed the present suit to compel arbitration in January 1997. SuTran filed a motion for summary judgment, contending, inter alia, that the suit was barred by the six-month statute of limitations set forth in Section 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b). In support of its motion, SuTran submitted an affidavit executed by Abel, wherein he stated that "[o]n several occasions in March, 1996, although the exact dates are unknown to me . . . I . . . told Mr. Thompson that SuTran would not participate in any arbitration regarding Mr. Bass' [sic] discharge . . . ." Abel Aff. at ¶ 4. According to SuTran, plaintiffs' cause of action to compel arbitration accrued when Abel made these statements. In opposition to SuTran's motion for summary judgment, and in support of their own cross-motion for summary judgment, plaintiffs submitted an affidavit executed by Thompson, who averred that Abel never told him that SuTran refused to arbitrate Bass's grievance.

When ruling on the parties' cross-motions for summary judgment, the district court refused to give any credence to Abel's affidavit, finding that it contradicted Abel's testimony during a previous deposition concerning a meeting between himself and the Union on March 12, 1996. The portions of the supposedly contradicted deposition testimony are as follows:

Q. Well, do you have any recollection about whether or not this March 12, 1996, meeting was marked by a comment by you or Mr. Kibler that SuTran was not responsible for arbitrating the Don Bass matter?

A. It's difficult for me to say because it does not appear, it's not listed as an item of discussion.

Q. All right.

A. However, again, from our perspective I do not have substantive notes regarding the Don Bass issue because it had been our articulated position throughout [our negotiations to take over the management of the transit

system from Ryder/ATE] that it is a non-issue from our perspective because we didn't deal with employee issues from individuals who are not employees.

Abel Dep. at 52. The district court held that this deposition testimony conflicted with Abel's affidavit testimony because the deposition testimony did not indicate when Abel ever specifically informed Thompson or the Union that SuTran would not arbitrate the grievance. On that basis, the district court refused to consider Abel's affidavit testimony when ruling on the parties' cross-motions for summary judgment.

After refusing to consider Abel's affidavit, the district court found that Thompson's affidavit was unchallenged and that plaintiffs' petition to compel arbitration was not time-barred. The court then granted plaintiffs' motion for summary judgment and ordered the parties to proceed to arbitration. SuTran now appeals.

## II.

We review the district court's grant of summary judgment de novo. See Mayard v. Hopwood, 105 F.3d 1226, 1227 (8th Cir. 1997). We review the evidence in the light most favorable to the nonmoving party and will affirm the grant of summary judgment only if "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Id. at 1227-28 (internal quotation marks omitted); see also Fed. R. Civ. P. 56(c).

The parties agree that plaintiffs' action to compel arbitration is governed by the six-month limitations period set forth in Section 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b). See United Rubber, Cork, Linoleum, & Plastic Workers of Am., Local 164 v. Pirelli Armstrong Tire Corp., 104 F.3d 181, 183 (8th Cir. 1997). The parties further agree that this court should utilize the standard enunciated in United Food & Commercial Workers Union Local No. 88 v. Middendorf Meat Co., 794 F.

Supp. 328 (E.D. Mo. 1992), aff'd, 991 F.2d 801 (8th Cir. 1993) (table), to determine when plaintiffs' cause of action accrued. The Middendorf Meat court held that "[a] cause of action to compel arbitration under a collective bargaining agreement accrues when one party clearly articulates its refusal to arbitrate the dispute." Id. at 332 (citing cases from the First, Fifth and Sixth Circuits).

It is clear that summary judgment would have been inappropriate if the district court had credited Abel's affidavit. In his affidavit, Abel averred that he "told Mr. Thompson that SuTran would not participate in any arbitration regarding Mr. Bass' [sic] discharge" on several different occasions in March of 1996. Abel Aff. at ¶ 4. If this is true then plaintiffs' cause of action to compel arbitration accrued in March of 1996, more than nine months before they filed the instant suit. Thompson's denial of receiving any such information from Abel would merely create a dispute as to a material issue of fact. Indeed, plaintiffs specifically argued to the district court that Abel's and Thompson's conflicting affidavits created a "disputed issue of material fact about whether there was a clearly articulated refusal to arbitrate by SuTran" in March of 1996. Pls.' Br. in Resistance To Defs.' Mots. For Summ. J. at 6.

Therefore, we must determine whether the district court properly refused to credit Abel's affidavit when ruling on the parties' cross-motions for summary judgment. We hold that the district court erred in this regard.

It is well-settled that "[p]arties to a motion for summary judgment cannot create sham issues of fact in an effort to defeat summary judgment." American Airlines, Inc. v. KLM Royal Dutch Airlines, Inc., 114 F.3d 108, 111 (8th Cir. 1997). Consequently,

> a party should not be allowed to create issues of credibility by contradicting his own earlier testimony. Ambiguities and even conflicts in a deponent's testimony are generally matters for the jury to sort out, but a district court may grant summary judgment where a party's sudden and

unexplained revision of testimony creates an issue of fact where none existed before. Otherwise, any party could head off a summary judgment motion by supplanting previous depositions <u>ad hoc</u> with a new affidavit, and no case would ever be appropriate for summary judgment.

<u>Wilson v. Westinghouse Elec. Corp.</u>, 838 F.2d 286, 289 (8th Cir. 1988) (internal citations and quotation marks omitted).

We find that Abel's affidavit testimony neither contradicts his deposition testimony nor constitutes a "sudden and unexplained revision of testimony [that] creates an issue of fact where none existed before." <u>Id.</u> In contrast, Abel's affidavit testimony seems consistent with his deposition testimony. In his deposition, Abel testified that he had no meeting notes concerning Bass's discharge because (1) he considered Bass's grievance a non-issue prior to the March 12, 1996 meeting and (2) he had previously articulated this position to the Union. This is consistent with his affidavit testimony averring that he told Thompson numerous times in March of 1996 that SuTran would not arbitrate Bass's grievance. Certainly, the testimonies are not inconsistent, and the affidavit testimony cannot be said to constitute a sudden and unexplained revision of the deposition testimony. The fact that Abel's deposition testimony does not identify a specific time or date on which he informed Thompson or the Union of SuTran's position concerning the grievance does not render his subsequent affidavit testimony inconsistent or revised. He had no duty to volunteer such information during the deposition absent a question from plaintiffs' counsel seeking that information. Accordingly, the district court erred in disregarding Abel's affidavit.

Because the district court should have considered Abel's affidavit when ruling on the parties' cross-motions for summary judgment and because a disputed issue of material fact exists concerning whether and when Abel informed the Union that SuTran would not arbitrate Bass's grievance, we hold that the district court erred in granting summary judgment in favor of plaintiffs. Consequently, we remand this matter to the

district court to make findings of fact concerning when, if ever, SuTran clearly articulated its refusal to arbitrate the Union's grievance concerning Bass's discharge. See United Rubber, 104 F.3d at 183-84 (holding that district court has jurisdiction to determine the timeliness of a petition to compel arbitration and when the six-month statute of limitations begins to run under 29 U.S.C. § 160(b)).

## III.

For the foregoing reasons, we REVERSE the district court's decision and REMAND this case for further proceedings.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.