# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1124

_____

Donald Bass; Amalgamated Transit     *
Workers Union, Local 1356,     *
    *
        Appellees,     *
    *
      v.     *
    *    Appeal from the United States
City of Sioux Falls, a Municipality     *    District Court for the
Chartered under the Constitution of     *    District of South Dakota.
the State of South Dakota; Ryder/ATE,     *
Inc., a Delaware Corporation,     *
    *    [UNPUBLISHED]
       Defendants,     *
    *
SuTran, Inc., a South Dakota     *
corporation,     *
    *
       Appellant.     *

_____

Submitted: November 27, 2000
Filed: December 5, 2000

_____

Before BOWMAN, MAGILL, and MURPHY, Circuit Judges.

_____

PER CURIAM.

SuTran, Inc. (SuTran) appeals the district court's[1] adverse grant of summary judgment and declaratory judgment after an evidentiary hearing in an action by Donald Bass and his Union, the Amalgamated Transit Workers Union, Local 1356 (Union), to compel arbitration. We affirm.

Bass was terminated in November 1995, and after Ryder/ATE, Inc. (Ryder) denied the grievances challenging Bass's discharge, the Union president requested arbitration. Ryder took no action on the Union's request for arbitration prior to SuTran's succession on March 1, 1996, and Bass and the Union filed suit to compel arbitration in January 1997. After the district court granted summary judgment to Bass and the Union, this court remanded the case to the district court to determine when, if ever, SuTran clearly articulated its refusal to arbitrate the Union's grievance concerning Bass's discharge. See Bass v. City of Sioux Falls, No. 98-3669, slip op. at 6-7 (8th Cir. Aug. 10, 1999).

On remand, the district court held an evidentiary hearing, and found, based on the testimony and documentary evidence presented, that although SuTran did not intend to arbitrate Bass's grievances, it did not ever clearly articulate to the Union its refusal to arbitrate the grievances. The district court granted summary judgment in favor of Bass and the Union, and entered a declaratory judgment that SuTran must arbitrate Bass's grievances regarding his suspension and termination, in accordance with the collective bargaining agreement. SuTran appealed, arguing that it unequivocally refused to arbitrate more than six months prior to the time the Union filed its action to compel arbitration, and therefore the action is time-barred.

We conclude that "[a] cause of action to compel arbitration under a collective bargaining agreement accrues when one party clearly articulates its refusal to arbitrate

---

[1]The Honorable Lawrence J. Piersol, Chief Judge, United States District Court for the District of South Dakota.

the dispute," <u>United Food & Commercial Workers Union Local No. 88 v. Middendorf Meat Co.</u>, 794 F. Supp. 328, 332 (E.D. Mo. 1992), <u>aff'd</u>, 1993 WL 96905 (8th Cir. April 5, 1993) (unpublished per curiam), and the district court did not clearly err in finding that SuTran never clearly articulated its refusal to arbitrate, <u>see</u> <u>Local Joint Executive Bd. of Las Vegas, Bartenders Union Local 165 v. Exber, Inc.</u>, 994 F.2d 674, 676 (9th Cir. 1993) (for employer to make clear that it refuses to arbitrate, it must make unequivocal, express rejection of union's request for arbitration; constructive notice not sufficient; employer's failure to respond to union's letter requesting arbitration was insufficient to qualify as rejection). Therefore, the action is not time-barred.

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.