# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-4015
_____

United Food and Commercial Workers, Local 653

*Plaintiff - Appellee*

v.

Fresh Seasons Market, LLC; Fresh Seasons Market Victoria, LLC

*Defendants - Appellants*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: October 18, 2017
Filed: December 11, 2017
[Unpublished]

_____

Before SMITH, Chief Judge, GRUENDER and BENTON, Circuit Judges.

_____

PER CURIAM.

United Food and Commercial Workers, Local 653 ("the Union") brought this action to compel Fresh Seasons Market, LLC and Fresh Seasons Market Victoria, LLC (collectively, "Fresh Seasons") to arbitrate a contractual grievance over pay

pursuant to a collective bargaining agreement ("CBA"). The district court[1] granted summary judgment to the Union and ordered Fresh Seasons to arbitrate. *UFCW, Local 653 v. Fresh Seasons Market, LLC*, 214 F. Supp. 3d 755, 756 (D. Minn. 2016). Fresh Seasons timely appeals and argues that the Union's action to compel arbitration is barred by the six-month statute of limitations. *See* 29 U.S.C. § 160(b).

Along with other circuit courts, we have held that "[a] cause of action to compel arbitration under a collective bargaining agreement accrues when one party clearly articulates its refusal to arbitrate the dispute." *Bass v. City of Sioux Falls*, 232 F.3d 615, 617-18 (8th Cir. 1999); *see also United Steel Workers Int'l Union v. Cont'l Tire N. Am.*, 568 F.3d 158, 162 (4th Cir. 2009); *Aluminum, Brick & Glassworkers Int'l Union Local 674 v. A.P. Green Refractories, Inc.*, 895 F.2d 1053, 1055 (5th Cir. 1990) (collecting cases from several other circuits). Fresh Seasons rejected the Union's demand for arbitration on June 24, 2015, and the Union filed its suit to compel arbitration on October 21, 2015. Under the *Bass* rule, the Union's action was therefore within the statute of limitations.

However, Fresh Seasons argues that this general rule should apply only when the demand for arbitration is timely under the applicable CBA. If the demand for arbitration is untimely under the terms of the CBA, Fresh Seasons suggests, the statute of limitations should begin to run on the last day on which a party could have made a timely demand. In support of its argument, Fresh Seasons points to several cases in which we have held that a "cause of action to compel arbitration 'accrues when the grievance procedure is exhausted or otherwise breaks down to the employee's disadvantage,' which is, at the latest, the last date when arbitration could have been requested." *United Rubber, Cork, Linoleum, & Plastic Workers of Am. Local 164 v. Pirelli Armstrong Tire Corp.*, 104 F.3d 181, 184 (8th Cir. 1997)

---

[1]The Honorable Patrick J. Schiltz, United States District Judge for the District of Minnesota.

(quoting *Cook v. Columbian Chemicals Co.*, 997 F.2d 1239, 1241 (8th Cir. 1993)). Fresh Seasons suggests that we combine *Bass*'s clear-refusal-to-arbitrate standard with *United Rubber*'s last-date-for-arbitration approach. Under this proposed synthesized rule, an employer's failure to arbitrate within the applicable deadline under the CBA would constitute a clear refusal to arbitrate. Fresh Seasons maintains that the Union's request for arbitration was untimely under the CBA and that this action is therefore barred by the statute of limitations pursuant to the synthesized rule.

But Fresh Seasons's synthesized rule would require courts to interpret a CBA for the sake of determining whether an action is timely under the statute of limitations. According to the Supreme Court, such questions are better left to arbitrators. *See John Wiley & Sons, Inc. v. Livingston*, 376 U.S. 543, 557-59 (1964). As the district court explained, we looked to the underlying CBA in *United Rubber* and *Cook* only because those cases lacked a clear refusal to arbitrate from which we could determine when the statute of limitations began to run. 214 F. Supp. 3d at 759-60. In other words, the unique nature of those cases precluded use of *Bass*'s general rule.

For these reasons and the reasons further explained in the district court's thorough and well-reasoned decision, we therefore decline to depart from the general rule that a cause of action to compel arbitration under a CBA accrues when one party clearly articulates its refusal to arbitrate the dispute. The judgment is affirmed. *See* 8th Cir. R. 47B.

------------------------------------------------

-3-