**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 21, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED GOVERNMENT SECURITY
OFFICERS OF AMERICA
INTERNATIONAL UNION and UNITED
GOVERNMENT SECURITY OFFICERS
OF AMERICA INTERNATIONAL
UNION LOCAL 320,

     Plaintiffs–Appellants,

v.

AMERICAN EAGLE PROTECTIVE
SERVICE CORP. and PARAGON
SYSTEMS, INC.,

     Defendants–Appellees.

No. 19-4084

_____

**Appeal from the United States District Court**
**for the District of Utah**
**(D.C. No. 2:18-CV-00183-DN)**

_____

Dennis M. Coyne, McDonald Lamond Canzoneri, Southborough, Massachusetts (Lauren
I. Scholnick, Strindberg & Scholnick, LLC, Salt Lake City, Utah, with him on the briefs),
appearing for Appellants.

Frank D. Davis (Ron Chapman, Jr., with him on the brief), Ogletree, Deakins, Nash,
Smoak & Stewart, P.C., Dallas, Texas, appearing for Appellees.

_____

Before **BRISCOE**, **LUCERO**, and **McHUGH**, Circuit Judges.

_____

**BRISCOE**, Circuit Judge.

_____

Plaintiffs-Appellants United Government Security Officers of America

International Union and its local, United Government Security Officers of America,

Local 320 (collectively, the Unions) sued American Eagle Protective Services

Corporation and Paragon Systems, Inc. (collectively, the Employers) under § 301 of

the Labor Management Relations Act (LMRA), seeking declaratory relief under the

Collective Bargaining Agreement (CBA) and to compel arbitration of a terminated

employee's grievance. The district court granted summary judgment to the

Employers because it determined the six-month statute of limitations from the

National Labor Relations Act (NLRA) § 10(b) applied to the Union's claim.

Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm the judgment of the

district court.

I

The Unions are labor organizations and at all relevant times were the exclusive

bargaining agent in a Collective Bargaining Agreement (CBA) with the Employers.

App. at 48–49, 56–78. The Employers terminated Michael Reid, a Salt Lake City

union member, by letter received on January 6, 2014. *Id.* at 49, 80.[1] The Unions

grieved the termination on January 24, 2014, alleging that the member was

terminated without just cause. *Id.* at 84. The Employers denied the grievance on

January 29, 2014, alleging the member was terminated *with* just cause, *id.* at 161, and

---

[1] The letter terminating the union member is dated January 3, 2013; the parties agree it should read 2014. Aplt. Br. at 6 n.1, Aple. Br. at 2; *see also* App. at 48.

2

maintained during exchanges throughout June, August, and September 2015, that terminations with just cause like the member's were not subject to arbitration under the exceptions listed in the CBA. *Id.* at 162, 163–64 ("[a]s a result of the plain language in the CBA, [the individual in charge of the relevant government contract at the Employers] concluded that the decision to discharge Reid was not subject to arbitration."), and 272 n.22. On February 27, 2018, the Unions filed this action pursuant to § 301 of the LMRA, seeking to compel arbitration of the grievance of the wrongful discharge. The district court granted summary judgment to the Employers, ruling that the action was time-barred.

## II

Section 301 of the LMRA extends federal jurisdiction to "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce." 29 U.S.C. § 185(a). However, no federal statute of limitations expressly applies to LMRA § 301 actions. *See DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 158 (1983). "In such situations . . . our task is to 'borrow' the most suitable statute or other rule of timeliness from some other source." *Id.*

The parties to the present action debate whether a six-year or a six-month statute of limitations should apply to a § 301 claim. The Unions contend Utah's six-year statute of limitations for breach of contract claims should apply; the Employers contend § 10(b) of the NLRA's six-month period for the filing of unfair labor practice claims is more appropriate. "We have generally concluded that Congress intended that the courts apply the most closely analogous statute of limitations under

3

state law. . . . In some circumstances, however, state statutes of limitations can be unsatisfactory vehicles for the enforcement of federal law." *Id.* at 158, 161.

The Supreme Court defined those circumstances in *DelCostello*. Addressing a "hybrid" suit brought by a union member under both § 301 and the NLRA against the employer and the union, the Court applied the NLRA's § 10(b) statute of limitations. In determining whether to apply the federal statute of limitations as opposed to a state statute of limitations applied in contract cases, the Court held: "[W]hen a rule from elsewhere in federal law clearly provides a closer analogy than available state statutes, and when the federal policies at stake and the practicalities of litigation make that rule a significantly more appropriate vehicle for interstitial lawmaking, we have not hesitated to turn away from state law." *Id.* at 172.

When viewed in context, a claim to compel arbitration is more analogous to one brought pursuant to NLRA's § 10(b) than it is to a state law claim for breach of contract. First, the underlying grievance is similar to an unfair labor practice as governed by the NLRA,[2] and "because many grievances involve activity that may also constitute an unfair labor practice under the National Labor Relations Act, it makes sense to have a common statute of limitations for claims arising under Section 10(b) and actions to compel arbitration." *Associated Brick Mason Contractors of*

_____

[2] The Unions, citing 29 U.S.C. § 158, claim that a termination of employment under a CBA is "simply a level of discipline," "not in and of itself an unfair labor practice." Aplt. Br. at 27. While technically accurate with respect to the *termination*, the termination is not the issue: submitting the grievance to arbitration is. As the Employers note, the Unions filed a NLRB charge on that point. Aplt. Br. at 3, citing App. at 169.

4

*Greater N.Y., Inc. v. Harrington*, 820 F.2d 31, 37 (2d Cir. 1987) (citing *DelCostello*, 462 U.S. at 171); *see also Fed'n of Westinghouse Indep. Salaried Unions v. Westinghouse Elec. Corp.*, 736 F.2d 896, 902 (3d Cir. 1984) ("grievances often involve an alleged activity which is also an unfair labor practice over which the National Labor Relations Board has jurisdiction . . . Thus it makes a great deal of sense to have a common statute of limitations for unfair labor practice charges and for suits to compel arbitration.") (internal citation omitted); *McCreedy v. Local Union No. 971, UAW*, 809 F.2d 1232, 1238 (6th Cir. 1987) ("Just as the employee's unfair representation claim is a creature of labor law, so too, we believe, is a union's action to compel arbitration."). Second, "[a]rbitration clauses are . . . *sui generis* and cannot, as a matter of federal law, be viewed as equivalent to more ordinary contractual provisions for limitation purposes . . . [thus] a suit to compel arbitration is not much analogous to a garden-variety suit for breach of contract." *Commc'ns Workers of Am., AFL-CIO v. W. Elec. Co.*, 860 F.2d 1137, 1141 (1st Cir. 1988).

Not only is § 10(b) a closer analogy to an action to compel arbitration, federal policies underpinning labor law and the practicalities of litigation weigh in favor of applying § 10(b)'s limitations period in cases brought to compel arbitration of a grievance. As the Court noted in *DelCostello*, federal labor policy relies heavily upon "grievance, arbitration, and the law of the shop." *DelCostello*, 462 U.S. at 169 (internal citations and quotations omitted). Thus, by seeking to compel arbitration, the Unions' action lies at the heart of federal labor law. *See McCreedy*, 809 F.2d at 1238; *see also W. Elec. Co.*, 860 F.2d at 1141 ("[A]rbitration clauses in collective

5

bargaining agreements implicate important federal interests not present in ordinary *ex contractu* litigation."). "[B]ecause it involves a motion to compel arbitration in a wrongful discharge case, this case is irrevocably tied to federal labor policy . . . There is a strong [federal] policy favoring settlement of labor disputes by private arbitration." *United Food & Commercial Workers Local 100A, AFL-CIO & CLC v. John Hofmeister & Son, Inc.*, 950 F.2d 1340, 1348 (7th Cir. 1991).

In addition, applying a longer breach-of-contract statute of limitations would "disserve[] the federal interest in 'the relatively rapid final resolution of labor disputes.'" *Aluminum, Brick & Glassworkers Int'l Union Local 674 v. A.P. Green Refractories, Inc.*, 895 F.2d 1053, 1055 (5th Cir. 1990) (citing *DelCostello*, 462 U.S. at 168). "When the grievance, as here, is the discharge of a union member, and his remedy is arbitration, it is important that the remedy be promptly invoked and promptly administered—important to the named parties and especially important to the aggrieved employee union member, and to those in management who have had direct relationships with the grievant. They all need to know where they stand." *Teamsters Union Local 315 v. Great W. Chem. Co.*, 781 F.2d 764, 766 (9th Cir. 1986). "Six years is simply too long to allow industrial disputes to fester." *Harrington*, 820 F.2d at 37; *see also Westinghouse Elec. Corp.*, 736 F.2d at 901 ("Application of a six-year state statute of limitations stretches out industrial disputes far longer than most recent cases have deemed desirable.").

Finally, "there is a certain value in achieving uniformity among the federal circuits in applying the same time limitations to suits to compel arbitration."

6

*Commc'ns Workers of Am. v. Am. Tel. & Tel. Co.*, 10 F.3d 887, 891 (D.C. Cir. 1993).

Federal policy favors that uniformity, and ten other circuits[3] have held that § 10(b)

applies under these circumstances.

We conclude § 10(b) is a better fit for actions brought under § 301 than Utah's

statute of limitations for breach of contract because § 10(b) is a closer analogy to an

action to compel arbitration and more aligned with federal labor policy. A six-month

statute of limitations sets "the proper balance between the national interests in stable

bargaining relationships and finality of private settlements," and a party's right to

seek a court's resolution. *DelCostello*, 462 U.S. at 171 (internal citations and

---

[3] These circuits include: the D.C. Circuit, *see Am. Tel. & Tel. Co.*, 10 F.3d at 888; the First Circuit, *see W. Elec. Co.*, 860 F.2d at 1145; the Second Circuit, *see Harrington*, 820 F.2d at 37; the Third Circuit, *see Westinghouse Elec. Corp.*, 736 F.2d at 901; the Fifth Circuit, *see A.P. Green Refractories, Inc.*, 895 F.2d at 1055; the Sixth Circuit, *see McCreedy*, 809 F.2d at 1237; the Seventh Circuit, *see John Hofmeister & Son, Inc.*, 950 F.2d at 1347; the Eighth Circuit, *see United Rubber, Cork, Linoleum, & Plastic Workers of Am., AFL-CIO, CLU, Local 164 v. Pirelli Armstrong Tire Corp.*, 104 F.3d 181, 183 (8th Cir. 1997) ("There is no dispute that an action to compel arbitration is governed by the 6–month limitations period set forth in § 10(b) of the National Labor Relations Act," although this case does not analyze the issue); and the Ninth Circuit, *see Great W. Chem. Co.*, 781 F.2d at 769.

Finally, at least when faced with a lengthy statute of limitations like Utah's, the Eleventh Circuit has also followed the reasoning of other circuits. *See Int'l Ass'n of Machinists & Aerospace Workers, Local Lodge No. 1688 v. Allied Prod. Corp.*, 786 F.2d 1561, 1564 (11th Cir. 1986) ("Because we find that state law affords no reasonably applicable rule as to the proper time limitation for the union's action to compel arbitration, we adopt the six month limitation period of § 10(b) in this case.") *and Samples v. Ryder Truck Lines, Inc.*, 755 F.2d 881 (11th Cir. 1985), *but see United Paperworks Int'l, Local No. 395 v. ITT Rayonier, Inc.*, 931 F.2d 832, 838 (11th Cir. 1991) (applying Florida's one year contract statute of limitations, largely because it only extended the filing period for six additional months).

7

quotations omitted). Thus, we conclude that § 10(b)'s six-month statute of limitations applies.

III

Our prior precedent also aligns with this conclusion. In two previous cases, *Garcia v. Eidal Int'l Corp.*, 808 F.2d 717, 719 (10th Cir. 1986) and *Trs. of Wyo. Laborers Health & Welfare Plan v. Morgen & Oswood Const. Co. of Wyo.*, 850 F.2d 613, 621 (10th Cir. 1988), we have applied a state's statute of limitations to labor cases; but both cases involve true breach-of-contract claims, unlike the arbitration dispute presented here.

In *Garcia*, the employer in question was trying to avoid the entire CBA—not just the arbitration provision. 808 F.2d at 722 ("When the contract has been completely repudiated and the employer has closed down its business, the labor law policies that persuaded the Court in *DelCostello* to adopt the uniform six-month statute of limitation are not applicable."). While *Garcia* mentions "complete" repudiation only once, the opinion makes clear that applying the state breach-of-contract limitations period is only appropriate when the issue is whether the entire contract would be repudiated. 808 F.2d at 719 ("We reverse and remand, concluding that the holding of *DelCostello* does not extend to cases in which an employer has repudiated all of its obligations under a bargaining agreement, including the duty to arbitrate."). Here, as the Employers note, the CBA was cited as the basis for not arbitrating the grievance; which contradicts the Unions' characterization of the Employers' behavior as "repudiating" the arbitration provision. Thus, *Garcia* does

8

not govern the fact pattern presented here, where a union seeks to compel arbitration of a grievance in accordance with the CBA, and an employer declines to arbitrate on the basis of the CBA itself.

*Trs. of Wyo. Laborers Health & Welfare Plan* presents an even less analogous fact pattern. 850 F.2d at 615–17. While again we applied the state statute of limitations for breach of contract, the action was brought under the Employee Retirement Income Security Act, not § 301. The employer did argue that breaching the agreement could be an unfair labor practice, and that the six month limitations period thus applied under *DelCostello*. But we made clear that, because "the Trustees are not employees, and have not sued the relevant union for a breach of the duty of fair representation," *DelCostello* did not apply. *Id.* at 619.

IV

Because § 10(b)'s six-month statute of limitations applies and the Unions brought suit nearly two years after the Employers' final refusal to arbitrate the grievance, this suit is time-barred. The judgment of the district court is AFFIRMED.

Entered for the Court


Mary Beck Briscoe
Circuit Judge

9